## BLANCO v. EL REGISTRADOR DE LA PROPIEDAD.

## RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan.

### No. 9.—Resuelto en diciembre 17, 1903.

INSCRIPCIÓN DE TÍTULOS — BIENES INSCRITOS. — Los registradores denegarán la inscripción de los títulos en que se transfiera o grave el dominio o la posesión de los bienes inmuebles o derechos reales en los casos en que dichos bienes o derechos reales aparecieren inscritos a nombre de persona distinta de la que otorgue la transmisión o gravamen.

BIENES GANANCIALES.—Los bienes adquiridos por cualquiera de los cónyuges, durante el matrimonio, y a título oneroso, se reputarán gananciales, a no ser que se probare que hubiesen sido adquiridos con bienes propios del marido o de la mujer.

ID.—HEREDEROS—ENAJENACIÓN DE BIENES GANANCIALES.—Si del registro apareciere que los bienes inscritos a nombre del marido fueron adquiridos por éste a título oneroso y constante su matrimonio, la inscripción de dichos bienes debe entenderse hecha a favor de la sociedad conyugal: y disuelta ésta por el fallecimiento de la esposa, sin que aparezca que se haya liquidado la sociedad, no procede inscribir la enajenación de esos mismos bienes hecha por el marido, sin que sea ratificada por *todos los herederos* de la mujer, a no ser que *todos los herederos* hubieren renunciado al derecho que puedan tener sobre los expresados bienes.

ID.—La circunstancia de que el marido hubiere solventado con dinero de su propio peculio después del fallecimiento de la mujer, los gravámenes existentes sobre los bienes adquiridos constante su matrimonio, en nada desvirtuaría la eficacia de la anterior doctrina, pues el verdadero concepto de la adquisición del dominio, en su origen, no se alteraría en lo más mínimo, y tal circunstancia sólo daría lugar a una liquidación de cuentas entre el marido y los herederos de su mujer.

ID. — DEFECTOS INSUBSANABLES. — La enajenación de bienes inmuebles pertenecientes a la sociedad conyugal verificada por el marido sin el consentimiento(*) expreso de la mujer, implica un defecto que produce la nulidad de la obligación, y constituye, por consiguiente, una falta insubsanable que impide la inscripción del documento en el registro de la propiedad.

### EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por Don Julián Blanco contra negativa del registrador de la propiedad de esta capital a inscribir una escritura de venta de finca urbana.

*Resultando:* que por escritura pública otorgada en esta capital ante el notario de la misma, Don Gabriel Guerra y Acosta, como sustituto del de la misma clase, Don Mauricio Guerra Mondragón y Mejías, en veinte de agosto último, Doña Mercedes, Doña Isabel y Doña María Carlota Blanco Pérez y Don Julián E. Blanco y Sosa, vendieron a Don Antonio Blanco y Pérez, por el precio y bajo las demás condiciones que se expresan en dicha escritura, la casa número noventa y uno de la calle de San Francisco de esta capital, valorada en la testamentaría de su primitivo dueño Don Lucas Pérez y Pérez, en la suma de diez y ocho mil pesos mejicanos, de las cuales, mil novecientos cincuenta y tres pesos treinta y ocho centavos correspondían a las tres primeras comparecientes, por herencia de su abuelo el expresado Don Lucas Pérez y Pérez, y el resto de diez y seis mil cuarenta y seis pesos sesenta y dos centavos al otro compareciente Don Julián Blanco y Sosa; de ellos, dos mil novecientos sesenta y siete pesos ochenta y siete centavos, por haber satisfecho a los herederos Medina, tan luego llegaron a su mayor edad, una hipoteca por igual suma que tenían sobre la casa objeto de esta compraventa, y para cuyo pago se le había adjudicado en ella una suma igual como albacea del citado Don Lucas Pérez, según constaba en la divisoria de sus bienes, y el resto de trece mil setenta y ocho pesos setenta y cinco centavos, por compras hechas a diferentes partícipes que se enumeran en la expresada escritura, en la (*) que declaran además los comparecientes, que la participación que corresponde en la casa a Don Julián Blanco, se halla afecta, entre otras cargas, al pago a Don Julio y Don Guillermo Pérez Acosta de la suma de treinta y cinco pesos doscientas treinta y siete milésimas mexicanos, que a cada uno de ellos dejó de abonarse al comprarles sus respectivas participaciones en la casa, o sea su equivalente de veinte pesos ocho y medio centavos oro americano, y a Don Lucas Blanco y Pérez, de los noventa pesos cuarenta y seis centavos de la participación que le correspon-

día en la propia casa y que asimismo había vendido al Don
Julián E. Blanco y Sosa, y de la que por haber perdido la
razón el Don Lucas, no llegó a otorgarle la correspondiente
escritura de venta, la que le sería otorgada por su legítima
representación tan luego se le proveyera de ella; e insertándose además en dicha escritura, literalmente, la cláusula
siguiente:

"4°. Que como consta a todos los comparecientes, sobre la casa
descrita, absolutamente pesa ninguna otra carga, gravamen ni servidumbre de ninguna especie; sin embargo, para mayor claridad y
evitar toda duda en lo porvenir, se hace constar lo siguiente: que
al otorgarse la última escritura hipotecaria a favor del Banco Colonial
Americano, en que se refundieron las anteriores, se hizo el reparo
por el señor registrador de la propiedad, de no poder hipotecar el
Sr. Blanco y Sosa la participación de dos mil novecientos sesenta
y siete pesos ochenta y siete centavos que como albacea de Don
Lucas Pérez y Pérez se le adjudicaron en su testamentaría, en
parte del valor de la casa referida para pagar la hipoteca que sobre
ella pesaba por la misma suma a favor de los herederos Medina, por
no haberse liquidado la sociedad conyugal que en la época de dicha
adjudicación tuviera el compareciente Blanco y Sosa con su primera
esposa, entonces viva, Doña Antonia María Pérez y Real; que sin
embargo de que tal adjudicación hecha en su carácter de albacea y
para el pago de una deuda de Don Lucas Pérez, no importaba una adjudicación del esposo de Doña Antonia ni podía figurar como gananciales de la sociedad conyugal que entre ellos mediara, mucho menos
constando que hasta después de viudo no venció ni pudo pagar esa
deuda el Sr. Blanco y Sosa, que fué cuando realmente adquirió, (*)
mediante el pago de su propio peculio, la mencionada participación,
inscrita exclusivamente a su nombre en el registro de la propiedad,
de los nueve descendientes y herederos que a su muerte dejara
Doña Antonia Pérez y Real, seis de ellos, Don Marcos, Don Antonio,
Don José, Doña Mercedes, Doña Isabel y Doña María Carlota Blanco
Pérez, reconocieron y declararon explícitamente por escritura pública
otorgada igualmente en este protocolo, en treinta de diciembre del
mil novecientos dos, de acuerdo con lo manifestado anteriormente,
que ni ellos, ni sus demás coherederos tenían ni podían reclamar parte
alguna de los dos mil novecientos sesenta y siete pesos ochenta y siete

centavos antes referidos, en que nunca tuvo participación alguna su difunta madre; no haciendo igual declaración los otros tres herederos. por haber fallecido en la menor edad, Don Juan Blanco Pérez y Don. Julián Blanco Steel, hijo y nieto, respectivamente, de la finada Doña Antonia Pérez, al primero de los cuales ha sucedido su padre, el compareciente Blanco y Sosa, y al segundo su madre ausente, Doña Natalia Steel, sin que ésta ni aquél hayan obtenido aun la declaratoria. de herederos y por el estado de demencia en que se halla el otro heredero, Don Lucas Blanco Pérez, según se ha dicho.   Que si bien en virtud de esas declaraciones el señor registrador ha reconocido que el compareciente Blanco y Sosa puede disponer e hipotecó válidamente la parte que en la cantidad de que se trata podían reclamar a su juicio· los seis herederos antes nombrados, ha insistido en que la porción correspondiente a los otros tres herederos Don Lucas y Don Juan Blanco· Pérez y Don Julián Blanco Steel debe reservárseles;  de manera que bajo el supuesto de considerarse como gananciales de la primer sociedad conyugal del Sr. Blanco y Sosa los dos mil novecientos sesenta y siete pesos ochenta y siete centavos y de pertenecer a su esposa difunta, Doña Antonia Pérez Real la mitad de esa suma, o sean mil cuatrocientos ochenta y tres pesos noventa y tres y medio centavos mexicanos, equivalentes a ochocientos cuarenta y cinco dollars ochenta y cuatro centavos oro americano, correspondería a cada uno de sus nueve descendientes y herederos, noventa y tres pesos noventa y ocho· y cuarto centavos oro americano y por consiguiente a los tres herederos cuyo derecho ha reservado el registrador, aunque los comparecientes. no les reconocen ninguno, doscientos ochenta y un dollars noventa y cuatro y tres cuartos centavos de dicha moneda nacional."

*Resultando:* que presentada dicha escritura para su inscripción (*) en el registro de la propiedad de esta Capital, la admitió en parte, y en parte la denegó el registrador, por los. fundamentos que expresa la nota puesta al pie de la referida. escritura y que copiada a la letra dice así:

"Inscrito el anterior documento en cuanto a la venta e hipoteca que comprende sobre la finca en el mismo descrita, con excepción de· las participaciones que se dirán, al folio 135 del tomo 50 de San Juan, finca 202, nonuplicado, inscripción 38A.   No admitida la inscripción respecto de la venta en cuanto a las participaciones de treinta y cinco pesos veinte y tres centavos mejicanos, que en la finca interesan.

cada uno de Don Julio y Don Guillermo Pérez Acosta y de noventa pesos cuarenta y seis centavos de Don Lucas Blanco y Pérez y las que puedan pertenecer a Don Lucas y Don Juan Blanco y Pérez y Don Julián Blanco Steel en la mitad del condominio de dos mil novecientos sesenta y siete pesos ochenta y siete centavos mejicanos adjudicado a Don Julián E. Blanco en la testamentaría de Don Lucas Pérez, con arreglo al artículo 20 de la Ley Hipotecaria; y en cuanto a las participaciones adquiridas por el Sr. Blanco y Sosa por compra a Don Don Antonio, Don Marcos y Don José Blanco y Pérez, Doña Manuela Pérez Martínez y Doña Palmira y Doña María Pérez Acosta, por verificar la enajenación, aquél sin el consentimiento de su esposa, según lo exige el artículo 159 del Código Civil; y no admitida la inscripción de la hipoteca sobre las participaciones mencionadas que han sido objeto de la negativa respecto de la venta, por no quedar inscritas a favor del adquirente Don Antonio Blanco y Pérez, no pudiendo, por tanto, disponer de ellas como dueño; y se ha extendido anotación de la venta e hipoteca de referencia, en cuanto a las participaciones que han sido objeto de la negativa en la citada inscripción 38A., cuya anotación tendrá efecto legal durante 120 días de la fecha. San Juan Bautista de Puerto Rico, octubre quince de mil novecientos tres. El registrador, José Benedicto.''

*Resultando:* que notificada la negativa del registrador a Don Julián Blanco y Sosa, pidió éste se elevara el documento a esta Superioridad para la resolución que procediera, como así lo verificó el registrador con la comunicación correspondiente.(*)

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la siguiente opinión del tribunal.

*Considerando:* en cuanto al primer extremo de la negativa del registrador, que careciendo Don Julián Blanco y Sosa de título de dominio inscrito de las participaciones que corresponden en la casa de que se trata a Don Julio y Don Guillermo Pérez y Acosta y Don Lucas Blanco y Pérez, y constando inscritas a nombre de éstos en el registro de la propiedad, es de rigurosa aplicación al caso el artículo 20 de la Ley Hipotecaria, según el que, si los bienes enajenados o gravados aparecen inscritos a nombre de persona distinta

de la que los transfiere o grava, debe el registrador denegar la inscripción del documento.

*Considerando:* en cuanto al segundo extremo de la nota del registrador, que importando una verdadera adquisición del derecho de dominio, a título oneroso, la adjudicación que se hizo a Don Julián Blanco y Sosa en la divisoria de la testamentaría de su suegro Don Lucas Pérez y Pérez, en el valor de la casa número 91 de la calle de San Francisco de esta capital, de una participación por la suma de dos mil novecientos sesenta y siete pesos ochenta y siete centavos mejicanos, para pagar una deuda hipotecaria por la misma cantidad que pesaba sobre la casa citada, y habiendo tenido lugar dicha adjudicación en época en que estaba todavía vigente el matrimonio del Sr. Blanco con su primera esposa, Doña Antonia Pérez, es indudable que la participación en el valor de la casa, así adquirida, pertenecía a la sociedad conyugal, con arreglo a la legislación vigente cuando tuvo lugar dicha adjudicación, o sea en el año de mil ochocientos ochenta y uno en que se hizo y fué aprobada la divisoria de los bienes de Don Lucas Pérez y según la cual, los bienes adquiridos por cualquiera de los esposos a título oneroso, durante el matrimonio, debían considerarse de la sociedad conyugal, a menos que se probase que hubiesen sido adquiridos con bienes propios del marido o de la mujer, (*) en lo que era conforme el antiguo Código Civil y lo es el vigente; y no constando por otra parte que se hubiese liquidado la testamentaría de Doña Antonia Pérez, no ha podido vender Don Julián Blanco válidamente el condominio de que se trata, al menos por lo que respecta a Don Lucas y Don Juan Blanco y Pérez y Don Julián Blanco Steel que no han renunciado al derecho que pudieran tener sobre el expresado condominio, como herederos de la difunta Doña Antonia Pérez.

*Considerando:* que en nada se oponen a las anteriores conclusiones las circunstancias de haberse adjudicado a Don Julián Blanco y Sosa la participación de que se trata en la

casa de la calle de San Francisco, como albacea que era de la testamentaría de su difunto suegro Don Lucas Pérez y Pérez, ni la de haber pagado la hipoteca que pesaba sobre la citada casa con posterioridad a la muerte de su primera esposa, Doña Antonia Pérez, y con dinero de su propio peculio, como lo consigna en la escritura; lo primero, porque a virtud de la adjudicación hecha al albacea Don Julián Blanco, el dominio de la participación que le transferían los herederos en el valor de la casa, lo adquiría Don Julián Blanco y Sosa en su nombre particular, sin más responsabilidad que la de pagar la hipoteca que pesaba sobre la casa; y lo segundo, porque aun cuando el pago lo hubiera verificado después de disuelto su matrimonio con Doña Antonia Pérez y con dinero de su propio peculio, lo que no se ha probado en ninguna forma, esta circunstancia no alteraría en lo más mínimo el verdadero concepto de la adquisición del dominio, en su origen, y sólo daría lugar en su caso a un arreglo o liquidación de cuentas entre el viudo Don Julián Blanco y los herederos de su primera mujer.

*Considerando:* por lo que se refiere al tercero y último extremo de la nota del registrador, que no habiendo comparecido en la escritura la segunda esposa del vendedor Don Julián Blanco a prestar su consentimiento para la venta de (\*) las diferentes participaciones que según resulta de aquel documento ha adquirido el vendedor después de haber pasado a segundas nupcias, con arreglo al artículo 159 del nuevo Código Civil, adolece la venta de un defecto que produce la nulidad de la obligación, y que según el artículo 110 del Reglamento de la Ley Hipotecaria constituye una falta insubsanable, que impide su inscripción en el registro de la propiedad.

*Considerando:* por tanto, que no quedando inscrito a favor del comprador Don Antonio Blanco y Pérez el dominio de las participaciones a que se refieren los considerandos anteriores, carece de título hábil para hipotecarlas válidamente.

*Vistas* las disposiciones legales citadas. *Se aprueba* en todas sus partes la nota puesta por el registrador de la propiedad de esta capital al pie de la escritura de compraventa de que se trata, y devuélvase ésta con copia de la presente resolución al registrador de la propiedad para su conocimiento y demás efectos procedentes.

Jueces concurrentes: Sres. Hernández, Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no intervino en la resolución de este caso.