SUCESION PUENTE, APELANTE, *v.* EL PUEBLO ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 898.—Resuelto en mayo 23, 1913.

CONTRIBUCIÓN SOBRE HERENCIAS — RECURSO CONTRA LA VALORACIÓN Y EL CÓMPUTO.—El procedimiento vigente para impugnar la valoración de los bienes· y el cómputo de la contribución sobre herencias, es el señalado en el artículo 374 del Código Político, no derogado expresa ni tácitamente por la ley No. 35 de marzo 9, 1911.

ID.—TIEMPO PARA INTERPONERLO.—El recurso de apelación que autoriza el artículo 374 del Código Político, en favor de la persona o beneficiario a quien pueda afectar la valoración y cómputo de la contribución sobre herencias, deberá interponerse precisamente dentro de los 30 días de haber quedado ultimado por tesorería la referida valoración y cómputo. Transcurrido dicho término, se entenderá caducado el derecho que la ley concede.

CONTRIBUCIONES—PAGO BAJO PROTESTA—RECURSO.—Para ejercitar el recurso que autoriza la ley No. 35, de marzo 9, 1911, es necesario que se inicie el cobro de la contribución por el funcionario con autoridad para ello, que se pague la contribución bajo· protesta y que se acuda al tribunal bajo la base de que el cobro de la contribución pagada bajo protesta es injusto, ilegal o hecho contra las disposiciones de cualquier estatuto.

ID.—TASACIÓN EXCESIVA—PAGO DE CONTRIBUCIONES BAJO PROTESTA.—El recurso que establece la ley No. 35 de marzo 9, 1911, no es aplicable a los casos en que se impugna el pago de la contribución, no por ser ilegal, sino por ser excesiva la tasación de los bienes.

ID.—JUNTA DE REVISIÓN E IGUALAMIENTO—INJUNCTION.—La función de la ley No. 35 de marzo 9, 1911, no fué la de sustituir y derogar las disposiciones de los artículos 308 y 374 del Código Político relativas respectivamente a la junta de revisión e igualmento y al recurso para ante la corte de distrito

competente contra la valuación de los bienes de la herencia y cómputo de la contribución que deben satisfacer los herederos, sino la de sustituir y derogar como sustituyó y derogó expresamente el recurso que concedían las leyes sobre *injunction* de 1902 y 1906 contra el cobro de contribuciones ilegales.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Tous Soto y López de Tord y Canales.*

Abogado de los apelados: *Sr. Wolcott H. Pitkin, Jr., Attorney General.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La Sucesión de Lázaro Puente, compuesta de hermanos y sobrinos del finado, estableció demanda en la Corte de Distrito de Ponce el 17 de abril de 1912 contra El Pueblo de Puerto Rico y el Tesorero de Puerto Rico, sobre devolución de impuesto de herencia indebidamente cobrado, alegando, en resumen, los los siguientes hechos:

Que su causante falleció en Ponce el 23 de febrero de 1908 y al poco tiempo de su fallecimiento ciertos individuos de apellido Amsterdam iniciaron un pleito alegando que eran hijos naturales reconocidos de Puente y pidiendo que la corte así lo declarara y reconociera además su derecho a la herencia de su padre natural. El pleito iniciado terminó por transacción celebrada el 27 de febrero de 1912, habiendo los Amsterdam renunciado los derechos que pudieran tener a la herencia de Puente y reconociendo a los hermanos y sobrinos del mismo, demandantes en el presente pleito, como a sus únicos herederos.

Que dentro del término legal, Ramón Valdecilla, administrador judicial de los bienes relictos por Puente, hizo la declaración de los que estaban en su poder al Tesorero de Puerto Rico, de conformidad con lo estatuído en la ley sobre contribución sobre herencias.

Que no se pudo liquidar la contribución que debía satisfacer la herencia de Puente, por tener distintos grados de parentesco las personas que la reclamaban, y que tan pronto

como las reclamaciones terminaron, el administrador judicial gestionó con el Tesorero su liquidación a fin de satisfacer su importe.

Que a virtud de las gestiones del Administrador, el Tesorero de Puerto Rico, el 15 de marzo de 1912, "remitió para su cobro un estado o relación de dichas contribuciones" en el cual aparecen justipreciados los bienes de la herencia en $118,939.49, y fijada la cantidad de $5,201.37 como contribución, con más $1,603.76 por intereses.

Que la contribución fué pagada bajo protesta por el administrador, siendo la suma reclamada excesiva: (a), porque se funda en una tasación injusta y equivocada de los bienes de la herencia cuyo valor asciende únicamente a la suma de $81,550.80, y (b), porque se cobran intereses por la demora en el pago, y esta demora se debió al hecho de no haberse podido determinar desde el principio las personas con derecho a la herencia y su grado de parentesco con el finado.

La demanda termina suplicando que se condene a los demandados a devolver a los demandantes la cantidad de $3,510.63 a que ascienden las contribuciones cobradas ilegalmente y a pagar los intereses de dicha suma y las costas del procedimiento.

El 14 de mayo de 1912 los demandados contestaron la demanda, y el 19 de julio de 1912, el demandado Allan H. Richardson, Tesorero de Puerto Rico, por medio del Attorney General de esta Isla, presentó una titulada "moción de sobreseimiento" basada: 1º., en que de la faz de la demanda se deducía que dicha demanda no se había presentado dentro del período que marca la ley; 2º., en que había defecto de partes demandadas, y 3º., en que la corte carecía de jurisdicción en cuanto al Tesorero de Puerto Rico.

La Corte de Distrito de Ponce estimó que dicha "moción de sobreseimiento" no estaba autorizada por nuestra ley procesal civil, pero como en ella se suscitaba una cuestión que podía considerarse y resolverse por la corte aun en el caso de no haber sido suscitada por ninguna de las partes, la

estudió y decidió, desestimando finalmente la demanda por sentencia de 5 de agosto de 1912, contra la cual interpusieron los demandantes el presente recurso de apelación.

Los apelantes alegan que ''la corte erró al desestimar la demanda, porque la ley número 35 de 1911, provee un remedio aplicable al cobro o tentativa de cobro de todas las contribuciones o rentas incluso la de herencia.'' Y los apelados sostienen que la ley número 35 de 1911 no es aplicable al pago de contribuciones sobre herencia y que no habiendo cumplido los apelantes con los términos del artículo 374 del Código Político, por su propia negligencia carecen hoy de remedio alguno.

En Puerto Rico existe una Ley completa de rentas públicas que está incluída en el Código Político. El Capítulo I del Título IX de dicho código, trata de la ''tasación de la propiedad.'' Comprende desde el artículo 285 hasta el 355 y contiene amplias y minuciosas disposiciones sobre la forma de tasar los bienes sujetos a contribución, el tipo de ésta, la manera de recaudarla, etc. Por el artículo 308 se crea una junta permanente de revisión e igualamiento, con el propósito de revisar la tasación y retasación de la propiedad inmueble y mueble, a cuya junta puede acudir en queja, dentro del término de quince días contado a partir del de la notificación, toda persona perjudicada por la resolución del tasador con respecto a la valuación de su propiedad. Según se estableció por esta Corte Suprema en el caso de *Guitián* v. *El Gobierno de Puerto Rico,* 12 D. P. R., 252, las disposiciones del artículo 310 del Código Político, al establecer que las decisiones de la junta de revisión e igualamiento, en todos los asuntos que le sean sometidos a su consideración, serán definitivas, impiden que tales decisiones puedan ser revisadas ante los tribunales ordinarios por medio de apelación, *certiorari* u otros recursos, ya que a dichos tribunales, no se les había conferido jurisdicción alguna sobre la materia.

El Capítulo II del dicho Título IX del Código Político comprende desde el artículo 356 hasta el 367 y trata de los

"arbitrios," y el III y último capítulo del repetido título, comprende desde el artículo 368 al 383 y trata de la "Contribución sobre herencias," impuesto conocido desde los tiempos más antiguos y aplicado en la actualidad en casi todas las naciones civilizadas. Véase la obra de C. F. Bastable sobre Hacienda Pública, páginas 590–608.

Las prescripciones del Código Político sobre la contribución sobre herencias, son completas y especiales. En resumen, disponen que todos los bienes inmuebles en Puerto Rico y cualquier participación en ellos pertenecientes o nó a habitantes de Puerto Rico, y todos los bienes muebles pertenecientes a habitantes de Puerto Rico que por testamento o abintestato, o por donación cualquiera efectuada con intención de otorgar la posesión o el usufructo después del fallecimiento del donante, se trasmitieren a cualquier persona, institución o corporación, en fideicomiso o de otro modo, que no sea su esposa, hijo, nieto o persona legalmente reconocida como hijo adoptivo del fallecido, ni para el uso de uno o más de ellos, están sujetos al pago de una contribución que se fija en la ley tomando en consideración el parentesco y la cuantía de la herencia; imponen a todo administrador, albacea o fideicomisario la obligación de dar cuenta al Tesorero en la forma que establecen y de los particulares que especifican; determinan el modo de tasar los bienes que constituyan la herencia; conceden un recurso de apelación para ante la corte de distrito contra la valuación de los bienes y cómputo de la contribución; castigan como delictivo el hecho de la percepción por parte del tasador de honorarios o gratificaciones; fijan el método para el ingreso de la contribución y la responsabilidad de los albaceas, administradores y fideicomisarios y establecen que ningún tribunal aprobará la división de bienes del fallecido sin que se compruebe el pago del impuesto.

Nos hemos referido a la Ley de Rentas públicas de Puerto Rico de tal modo, para fijar bien la idea de que el legislador puertorriqueño al resolverse a imponer la contribución sobre

herencias, adoptó un sistema completo y especial distinto en muchos particulares al adoptado para la imposición y cobranza de la otras contribuciones.

Por ejemplo, para recurrir contra la tasación de los agentes del Pueblo, en el caso de contribuciones sobre la propiedad en general, se acude a la junta de revisión e igualamiento, que resolverá el caso en definitiva. Y para recurrir contra la valoración de los bienes de la herencia y cómputo de la contribución, se acude no a la junta de revisión e igualamiento, sino a la corte de distrito competente.

El método fijado por la ley también es distinto para el cobro de la contribución sobre la propiedad en general y del impuesto sobre herencias. Cuando la contribución sobre la propiedad no se satisface a su debido tiempo, la misma Administración embarga y vende la propiedad y cobra lo que se le debe. Cuando la contribución sobre herencias no se satisface dentro del término fijado por la ley, el Fiscal del distrito es el llamado a instituir los procedimientos necesarios para su cobro, al recibir el oportuno aviso del Tesorero.

En tal estado la Legislación de Puerto Rico sobre la materia, se aprobó en el año de 1911 la ley número 35 ya citada. Por su sección primera se dispone que cuando se cobre alguna contribución, si la persona que aparezca como deudor creyere que el cobro es injusto o ilegal, podrá pagar la contribución bajo protesta. Por la segunda, que el ingreso en tal caso se hará con expresión de que el pago fué bajo protesta. Por la tercera, que la persona que protestó podrá acudir dentro de treinta días a la corte competente, debiendo ésta resolver el caso y certificar si fuere procedente, que la contribución se pagó sin existir razón para ello y debe reintegrarse por el Tesorero, que así lo hará inmediatamente. La resolución de la corte es apelable. Por la cuarta, "que no se dará ningún otro recurso en casos de recaudación ilegal de contribuciones o rentas, o en casos de tentativas para recaudar ilegalmente contribuciones o rentas." Por la quinta,

que no se expedirá auto alguno para impedir la recaudación
de contribuciones y que "en todos los casos en que, por cual-
quier motivo, una persona alegue que la contribución que se
le ha cobrado fué recaudada injusta o ilegalmente, el recurso
que ha de utilizar dicha persona es el que queda determi-
nado antes y ningún otro." Por la sexta, se deroga expre-
samente la sección 12 de la ley sobre *injunctions* de 1906.
Y por la séptima, se prescribe que la ley comenzará a regir
inmediatamente después de su aprobación, o sea del 9 de
marzo de 1911.

Como puede verse del resumen que hemos hecho de dicha
ley número 35, por ninguna de sus disposiciones se deroga ex-
presamente el artículo 374 del Código Político, que, como he-
mos visto, forma parte de las disposiciones del código relativas
a la contribución sobre herencias, y que, copiado a la letra
dice así:

"Artículo 374. Dentro de los treinta días después de haberse ulti-
mado la valoración y cómputo de la contribución, podrá cualquier per-
sona, o beneficiario, a quien ésta afecte, apelar contra dicha valuación
y cómputo al tribunal de distrito del distrito donde los bienes radiquen,
a condición de que haya pagado todas las costas, o dado fianza para el
pago de ellas, y además cualquiera contribución que hubiera sido im-
puesta sobre la manda, legado donación y herencia; y dicho tribunal
de distrito procederá a resolver el asunto tan pronto como sea posible."

Los apelantes sostienen que si bien es cierto que no existe
una derogación expresa del artículo 374, es indudable que
dicho artículo fué derogado tácitamente por la ley número
35 que establece el único recurso vigente en la actualidad para
impedir el cobro definitivo de contribuciones ilegales.

Si estudiamos cuidadosamente el artículo 374, veremos
que establece un recurso de apelación para ante una corte de
justicia, contra la valuación de los bienes de la herencia y
el cómputo de la contribución. Y si estudiamos también cui-
dadosamente la ley número 35, veremos que establece un sis-
tema de pago de contribuciones bajo protesta cuando se
inicie cualquier procedimiento o se lleve a cabo alguna dili-

gencia para su recaudación, y un procedimiento subsiguiente para ventilar la ilegalidad del cobro ante una corte de justicia.

El propósito de ambas leyes, es distinto, y en tal virtud, a nuestro juicio, la ley número 35 de 1911 no deroga implícitamente el artículo 374 del Código Político. Ambas leyes pueden y deben subsistir en toda su integridad. La jurisprudencia citada en el caso de *El Pueblo v. Axtmayer,* (pág. 399), y la teoría en que se basó en su totalidad la resolución de dicho caso, se invocan y se aplican a la decisión del presente.

Para ejercitar el recurso que autoriza el artículo 374 del Código Político, no es necesario satisfacer con anterioridad la contribución computada. Se puede acudir, bien pagándola o ya afianzando su pago, ante la corte de distrito dentro de los treinta días después de haberse ultimado la valoración y el cómputo y obtener que la valoración y el cómputo se alteren y modifiquen, si los méritos del caso así lo requieren, de acuerdo con las pretensiones de la parte interesada.

Para ejercitar el recurso que autoriza la ley número 35, es necesario que se inicie el cobro de la contribución por el funcionario con autoridad para ello, que se pague la contribución bajo protesta y que se acuda al tribunal bajo la base de que el cobro de la contribución pagada bajo protesta es injusto, ilegal o hecho contra las disposiciones de cualquier estatuto.

Si examinamos los hechos alegados en la demanda, veremos que cuando el administrador judicial en este caso recibió la nota del Tesorero conteniendo la valuación de los bienes de la herencia de Puente y el cómputo de la contribución que debían satisfacer los herederos, dicho administrador no estaba obligado a conformarse con dicha valuación y cómputo y a satisfacer inmediatamente la contribución asignada, sino que, si estimaba que la primera era excesiva y el segundo inadecuado, podía acudir a la corte de distrito de acuerdo con la ley y obtener el pleno reconocimiento de sus derechos.

El no lo hizo así; él no utilizó el amplio y seguro recurso

que la ley le concedía, y él debe sufrir las consecuencias de sus propios actos.

Si se analiza cuidadosamente la demanda, se verá que no se basa en la teoría de que la contribución sobre la herencia de Puente sea ilegal, sino meramente excesiva. Se admite en principio que debía satisfacerse la contribución. Es más, se alega expresamente que el mismo administrador gestionó el pago de ella. Lo que se impugna es precisamente la valuación de los bienes, el correlativo cómputo de la contribución y el cobro de intereses, todo lo cual pudo y debió, si no se estaba conforme con ello, impugnarse y aquilatarse dentro del procedimiento marcado en el artículo 374 del Código Político.

En el caso de *Basanta* v. *El Pueblo, 7* D. P. R., 494, esta Corte Suprema estableció la siguiente doctrina: "El recurso de apelación que autoriza el artículo 374 del Código Político, en favor de la persona o beneficiario a quien pueda afectar la valoración y cómputo de la contribución a que el mismo se refiere, deberá interponerse precisamente dentro de los treinta días de haber quedado ultimada por Tesorería la referida valoración y cómputo, y si transcurriere dicho término, se entenderá caducado el derecho de la parte para recurrir contra la misma."

De los hechos alegados en la demanda resulta que los demandantes dejaron de ejercitar el derecho que les concedía el artículo 374 tantas veces citado y que tal derecho se había ya extinguido al tiempo de iniciarse el pleito. Y como también resulta de los mismos hechos que el caso de los demandantes no está comprendido dentro de las prescripciones de la ley número 35 de 1911, el recurso interpuesto debe declararse sin lugar y confirmarse la sentencia apelada.

La función de la ley número 35 de 1911 no fué en verdad la de sustituir y derogar las disposiciones de los artículos 308 y 374 del Código Político, relativas respectivamente a la junta de revisión e igualamiento y al recurso para ante la corte de distrito competente contra la valuación de los bienes de la herencia y cómputo de la contribución que deban satis-

-facer los herederos, sino la de sustituir y derogar como sustituyó y derogó expresamente el recurso que concedían las leyes sobre *injunctions* de 1902 y 1906 contra el cobro de contribuciones ilegales.   En el presente caso, como hemos dicho, la demanda no se basa en realidad de verdad en que la contribución cobrada sea ilegal, sino en que los bienes se tasaron en cantidad mayor que su justo precio y como consecuencia que la contribución cobrada era mayor que la que debía satisfacerse, y para resolver acerca de esas cuestiones la ley fija un procedimiento que está en todo su vigor y que si se abandona trae como consecuencia la pérdida del derecho en él reconocido.

*Confirmada.*

Jueces concurrentes: Sres. Presidente **Hernández** y Asociados Wolf y Aldrey

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.