José Américo Piazza Olaya, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Número 1314.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 18 de junio de 1956.

*Luis López de Victoria,* abogado del recurrente; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

Por escritura núm. 35, de 8 de abril de 1922, ante el notario de Ponce don José Tous Soto, don Pedro Olivari Mattei le cedió a su ex-consorte doña Luisa Olivari Olivari, todos los derechos y acciones en determinada propiedad perteneciente a la sociedad de gananciales por ambos constituída en razón de su matrimonio. El día 22 de octubre de 1923 el señor Registrador de San Germán inscribió dicha cesión, al folio 174 del tomo 50 de Yauco, finca núm. 109, triplicado inscripción duodécima, pero consignó que dicha inscripción se practicaba, sujeta a la liquidación de los bienes pertenecientes a la sociedad de gananciales constituída entre los mismos.

Solicitada la cancelación del defecto subsanable, el 8 de marzo de 1954, a tenor con el art. 388 D de la Ley Hipotecaria, adicionado por la Ley núm. 20 de 9 de julio de 1936, según posteriormente enmendado—30 L.P.R.A. 889, sec. 706 —el señor Registrador la denegó "por no haberse presentado constancia alguna de haberse liquidado la sociedad de gananciales que existió entre Luisa Olivari Olivari y Pedro Olivari Mattei, a tenor de lo resuelto por el Hon. Tribunal Supremo de Puerto Rico en el caso de *Francisco Olivencia* v. *El Registrador de la Propiedad de San Germán*, 64 D.P.R. pág. 213".

El caso de *Olivencia* v. *Registrador*, supra, se basó en nuestras anteriores decisiones en los casos de *Pérez* v. *Registrador*, 62 D.P.R. 789 y de *Méndez* v. *Registrador*, 63 D.P.R. 221 que fueron revocados por nuestra decisión en el caso de *Alameda* v. *Registrador*, 76 D.P.R. 230 (1954). Por lo tanto el caso de Olivencia debe considerarse igualmente revocado, en cuanto al fundamento de la denegación invocado por el recurrido.

En el caso de *Alameda* v. *Registrador*, supra, establecimos la regla que hoy prevalece en el sentido:

"Después de analizar en su totalidad la institución de derecho correspondiente, creemos que la misma está inspirada más en la protección de los derechos de los cónyuges que en la pro-

tección de los derechos de los acreedores; que en cuanto a anteriores acreedores no asegurados se refiere, sus derechos no pueden ser mayores, ni estar mejor garantizados durante la liquidación de la sociedad de gananciales, que durante la existencia de dicha sociedad y que nuestra disertación anterior en el caso de *Pérez* v. *Registrador,* 62 D.P.R. 789, cita precisa a la página 795, no está fundamentada, ni por nuestro derecho civil, ni por nuestro derecho .hipotecario; que sin mediar una gestión afirmativa de tales anteriores acreedores no asegurados, ante las autoridades judiciales correspondientes, el registro de la propiedad no tiene base para presumir la existencia de tales acreedores, a los efectos de coartar la acción conjunta de los dos cónyuges divorciados para realizar aquellas enajenaciones que sean pertinentes a los fines de una liquidación formal o de una disposición informal de los bienes de su pertenencia; que en la mayoría de los casos de divorcio, los bienes sujetos a liquidación no justifican los gastos adicionales de una liquidación formal, debiendo presumirse, en ausencia de actos afirmativos de los anteriores acreedores no asegurados, que consten del mismo registro, que los dos cónyuges divorciados son las únicas personas realmente interesadas en la liquidación y por lo tanto, pueden proceder de común acuerdo a la enajenación de sus derechos en la sociedad."

Posteriormente volvimos a confirmar dicha regla en el caso de *Piazza* v. *Registrador,* 78 D.P.R. 301 (1955).

*Debe revocarse la nota recurrida y procederse a la cancelación del defecto solicitado por el recurrente en este caso.*