LUCIANO MARTINIANO GARCÍA ALVARADO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

*Número:* G–62–10    *Resuelto:* 5 de septiembre de 1962

*Miguel Bahamonde Ricomar,* abogado del recurrente. *Jacob Bonilla Díaz, Registrador de la Propiedad de Puerto Rico,* Sustituto, actuando por el Registrador recurrido, compareció por escrito.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

RESOLUCIÓN

Mediante la escritura núm. 4 de fecha 9 de enero de 1962 otorgada ante el Notario Miguel Bahamonde Ricomar, el re-

currente Luciano Martiniano García constituyó hipoteca en garantía de un pagaré al portador "sobre el condominio de una mitad que pertenece al compareciente" en un bien inmueble adquirido durante su matrimonio con doña Lucy Grillasca Salas y que figura inscrito a favor de la sociedad de gananciales por ellos constituida. Copia certificada de esta escritura se presentó en el Registro de la Propiedad y se le adjuntó—como documento complementario—una certificación de la defunción de la señora Grillasca acaecida en el año 1944.

El Registrador denegó la inscripción solicitada porque de los libros a su cargo no consta la disolución de la referida sociedad de gananciales. Cita en apoyo de su nota el artículo 1313 del Código Civil, 31 L.P.R.A. sec. 3672, y lo resuelto en *Blanco* v. *Registrador*, 5 D.P.R. 26 (1903) y *Ríos* v. *Registrador*, 19 D.P.R. 561 (1913). ▪

La disposición legal citada relativa a la necesidad del consentimiento de la esposa para la enajenación de bienes de la sociedad de gananciales no es de aplicación a la situación que consideramos donde precisamente mediante el acta de defunción se comprueba que uno de los cónyuges ha fallecido y el objeto del contrato es la participación que en dichos bienes corresponde al supérstite. La doctrina aplicable aparece expuesta en *Pérez* v. *Registrador*, 62 D.P.R. 789 (1944); *Maldonado* v. *Registrador*, 45 D.P.R. 841 (1933); *Muñoz* v. *Registrador*, 30 D.P.R. 70 (1921); *Allende* v. *Registrador*, 28 D.P.R. 569 (1920); *Becerra* v. *Registrador* 27 D.P.R. 843 (1919) y *Fabián* v. *Registrador*, 25 D.P.R. 899 (1917). El caso de *Ríos* citado por el recurrido fue expresamente modificado en el de *Allende*, y *Blanco* v. *Registrador*, supra, envolvía una situación de hechos distinta a la que consideramos pues se trataba de la enajenación de *la totalidad* de un bien inmueble ganancial por el cónyuge sobreviviente sin el concurso de los herederos del fallecido. Parece conveniente señalar que ni siquiera puede practicarse la inscripción sujeta a las resultas de la liquidación de la so-

ciedad de gananciales. *Piazza* v. *Registrador*, 79 D.P.R. 425 (1956); *Piazza* v. *Registrador*, 78 D.P.R. 301 (1955); *Alameda* v. *Registrador*, 76 D.P.R. 230 (1954).

*Se revoca la nota recurrida y se ordena la inscripción solicitada.*

Así lo resolvió y manda el Tribunal y firma el Sr. Juez Presidente.

(Fdo.) LUIS NEGRÓN FERNÁNDEZ,
*Juez Presidente.*

Certifico:
(Fdo.) IGNACIO RIVERA,
*Secretario*