Plazuela Sugar Company, Demandante y Apelada, *v.* García, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Arecibo en causa sobre cobro de préstamo con garantía.

No. 1194.—Resuelto en febrero 3, 1915.

Excepciones Previas—Defecto de Partes Demandadas—Tiempo para Deducirla.—La excepción previa de que existe defecto de partes demandadas, comprendida en el número 4 del artículo 105 del Código de Enjuiciamiento Civil, debe ser alegada ante el tribunal sentenciador, bien antes de contestar la demanda cuando resultare del contenido de ésta, o bien en la contestación cuando aquel defecto no apareciere de la misma demanda.

Id.—Presunción.—Si el demandado no presentare impugnación ni por medio de excepción previa ni al contestar la demanda, deberá entenderse que renuncia a ello, salvo únicamente las objeciones de competencia y de que la demanda no aduce hechos suficientes para determinar una causa de acción.

Alegaciones de la Demanda—Falta de Prueba.—La demanda en el presente caso fué dirigida solamente contra Juan García Siberio, y de la prueba resulta que él no contrajo la obligación que se reclama a nombre propio únicamente, sino también a nombre de sus menores hijos, por lo que el demandado no puede ser compelido al cumplimiento total de dicha obligación, según se ordena por la sentencia.

Los hechos extán expresados en la opinión.

Abogado de la apelante: *Sr. Félix Santoni.*

Abogado del apelado: *Sr. Cay. Coll Cuchí*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En 25 de febrero de 1914 la corporación Plazuela Sugar Company, con domicilio en esta ciudad de San Juan, presentó demanda ante la Corte de Distrito del Distrito Judicial de

Arecibo, contra Juan García Siberio, con súplica de que éste fuera condenado a pagar a la demandante la suma de $4,200.16, intereses al 12 por ciento anual desde julio 14 de 1913 hasta la fecha de la ejecución de la sentencia, costas, gastos y desembolsos del juicio, y honorarios del abogado del demandante.

La demanda, además de la alegación relativa a la capacidad legal de la demandante, contiene las siguientes alegaciones:

(*a*) Que por escritura No. 27 otorgada en San Juan el 13 de octubre de 1910 ante el Notario Don Domingo Massari, el demandado Juan García Siberio reconoció adeudar a la corporación demandante la suma de $5,000 que le fueron entregados y que se obligó a devolver en 31 de junio de 1911 con el interés anual de 12 por ciento.

(*b*) Que el demandado García Siberio garantizó el prestamo con primera hipoteca sobre dos fincas, una de ellas de 47 cuerdas de terreno y la otra de 41 cuerdas con 30 céntimos de otra, radicadas ambas en el barrio de "Los Cocos," término municipal de Quebradillas.

(*c*) Que vencido el plazo de la deuda estipularon ambas partes que el demandado la satisfaría durante la zafra de 1912 y 1913, mediante entrega de partidas de cañas de azúcar, cuyas partidas se irían abonando por el demandante al demandado hasta la extinción de la deuda.

(*d*) Que el demandado García Siberio entregó a la corporación demandante en distintas ocasiones varias partidas de cañas de azúcar cuyo importe le fué abonado en cuenta corriente, resultando en 14 de julio de 1913 un saldo a favor del demandante y en contra del demandado de $4,200.16.

(*e*) Que la suma expresada no ha sido pagada en todo ni en parte por el demandado, no obstante haber sido requerido para ello.

A la expresada demanda fué unida, haciéndose parte de ella, la escritura mencionada de 13 de octubre de 1910.

En esa escritura intervinieron como partes otorgantes,

Juan García Siberio y José Ruiz Soler, el primero por su propio derecho y también en concepto de heredero de José Luciano García y Roca, y además como padre con patria potestad sobre sus menores hijos, Juan, María del Rosario, María Constanza, Emilio. y Carmen Virginia García y Roca; y el segundo, o sea Ruiz Soler, en concepto de director y sub-secretario de Plazuela Sugar Company.

En el mismo documento se hicieron constar los siguientes hechos:

1ª. Que Juan García Siberio posee en común y proindiviso con sus menores hijos Juan, María del Rosario, María Constanza, Emilio y Carmen Virginia García y Roca las dos fincas rústicas descritas en la demanda.

2ª. Que los predios descritos fueron adquiridos por Juan García Siberio durante su matrimonio con Juana Roca Díaz, y por fallecimiento de ésta sus hijos quedaron dueños de una participación proindivisa por partes iguales en la mitad de cada una de dichas fincas, y por haber sallecido con posterioridad a la madre, sin descendientes, el hijo nombrado José Luciano, la participación a éste correspondiente pasó por título de herencia a su padre el otorgante, dueño ya de la otra mitad proindivisa de cada una de las fincas.

3°. Que Juan García Siberio, en las representaciones ya indicadas, confiesa haber recibido de Plazuela Sugar Company la cantidad de $5,000 en calidad de préstamo, para atender al cultivo de las repetidas fincas y de otras que no son objeto de la escritura, por cuya razón se reconoce deudor de dicha suma en las mismas representaciones que ostenta a Plazuela Sugar Company, con más sus intereses al 12 por ciento anual pagaderos por mensualidades vencidas y a contar desde el día 13 de octubre de 1910.

4°. Que para garantizar a Plazuela Sugar Company el pago de los $5,000 así como de $300 más para intereses, y $200 para gastos y costas en caso de reclamación judicial, constituye hipoteca voluntaria a favor de la Plazuela Sugar Company sobre las fincas, tanto por la participación de que

es dueño como por la correspondiente a sus menores hijos, después de haber obtenido la autorización judicial necesaria.

5°. Que la primera finca responderá de $2,500 de capital, de $150 para interess, y de $100 para gastos y costas, y la segunda responderá de las mismas sumas y por idénticos conceptos, en caso de reclamación judicial.

6°. Que la hipoteca se constituye sobre las dos fincas hasta el día 31 de junio del año 1911 en que vencerá la deuda y deberá ser satisfecha por el deudor con sus intereses, a lo que se obliga el Sr. García en las representaciones con que aparece, entendiéndose que, si vencida la expresada fecha, no fuere pagada la cantidad adeudada, quedará la corporación acreedora en libertad de ejecutar la finca hipotecada para hacer efectivo el crédito.

El demandado opuso a la demanda la excepción previa de que no aduce hechos suficientes para determinar una causa de acción, y desestimada dicha excepción por orden de 4 de mayo de 1914, el demandado contestó la demanda negando general y especialmente todas y cada una de las alegaciones esenciales contenidas en la misma.

Celebrado el juicio sin asistencia de la parte demandada, la Corte de Distrito de Arecibo dictó sentencia en 11 de julio de 1914 declarando con lugar la demanda y ordenando en su consecuencia que la demandante, Plazuela Sugar Company, recobre del demandado, Juan García Siberio, la suma de $4,200.16 con el interés del 6 por ciento anual, a contar del mes de julio de 1913, con las costas a cargo del demandado.

Contra esa sentencia interpuso la representación del demandado recurso de apelación para ante esta Corte Suprema, alegando como motivos legales para su revocación, que los menores hijos del apelante llamados Juan, María del Rosario, María Constanza, Emilio y Carmen Virginia García Roca, son partes necesarias en la acción promovida, sin que, por tanto, su padre, único demandado, pudiera ser condenado en modo alguno al pago de la suma reclamada, y que el fallo

pronunciado contra Juan García Siberio no está sostenido por la prueba.

En cuanto al primer motivo del recurso, es indudable que la excepción de que existe defecto de partes demandadas, comprendida en el número 4 del artículo 105 del Código de Enjuiciamiento Civil, debe ser alegada ante el tribunal sentenciador, bien antes de contestar la demanda cuando resultare del contenido de ésta, bien en la contestación, cuando aquel defecto no apareciere de la misma demanda. Artículo 108.

Y para el caso de que no se presentare impugnación ni ni por medio de excepción previa ni al contestar la demanda, establece categóricamente el artículo 109 del mismo código, que deberá entenderse que el demandado renuncia a ello, salvo únicamente la objeción, a la competencia de la corte, y la de que la demanda no expone hechos suficientes para determinar una causa de acción.

El primer motivo del recurso es insostenible por falta de alegación oportuna ante la corte inferior del defecto de partes demandadas.

En cuanto al segundo motivo, o sea, el relativo a que la sentencia no está sostenida por la prueba, veamos cuál ha sido la practicada en el juicio.

Sobre la obligación cuyo cumplimiento se reclama no ha habido más prueba que la escritura de 13 de octubre de 1910 que ya dejamos extractada, y la declaración de José Ruiz Soler, una de las partes otorgantes de dicha escritura con el carácter de sub-secretario y director de Plazuela Sugar Company, quien relata la existencia de la deuda de $5,000 garantida con hipoteca, y contraída, según dice, por Juan García Siberio, al cual, antes de expirar el plazo, le fué concedida una prórroga para que pagara en las cosechas de 1912 y 1913 con cañas el importe total de la hipoteca, habiendo satisfecho hasta el 14 de julio de 1913, $799.84, y dejado reducido el crédito a $4,200.16.

Como se ve por el resultado de las pruebas, lejos de jus-

tificar la parte demandante que Juan García Siberio, demandado, adeuda a Plazuela Sugar Company la cantidad total cuyo pago se le reclama, aparece, por el contrario, que él no contrajo la obligación a nombre propio únicamente, sino también a nombre de sus menores hijos, y, por tanto, no puede ser compelido al cumplimiento de dicha obligación en la forma ordenada por la sentencia.

La escritura demostrativa de la deuda está concebida en tales términos que no es dable afirmar que el demandado Juan García Siberio quedara en virtud de ese documento, obligado a pagar por mitad la totalidad de la deuda, y sus hijos menores de edad el resto.

Ante las alegaciones de la demanda en contradicción manifiesta con la escritura que se hizo parte de la misma, y la falta de elementos probatorios que nos permitan definir cuál sea la cantidad precisa a cuyo pago viene obligado el demandado, se impone como decisión del recurso, la revocación de la sentencia apelada por el segundo motivo invocado, sin perjuicio de que la parte demandante, mediante nueva demanda, pueda ejercitar en forma debida los derechos de que se crea asistida para el cobro de la deuda que persigue.

Debe revocarse la sentencia apelada, absolviendo de la demanda al demandado, Juan García Siberio, sin especial condenación de costas, reservando a Plazuela Sugar Company el derecho que le asista para el cobro de la deuda.

> *Revocada la sentencia apelada y absuelto el demandado de la demanda, con las costas en la forma ordinaria, sin perjuicio de que la corporación demandada, mediante nueva demanda en forma debida, pueda ejercitar los derechos de que se crea asistida para gestionar el cobro de la deuda de que se trata.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.