FABIÁN, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN 1ª., RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de una escritura de renuncia de derechos y acciones.

No. 341.—Resuelto en noviembre 30, 1917.

DIVORCIO—BIENES GANANCIALES.—Disuelto un vínculo matrimonial por sentencia de divorcio, cada uno de los cónyuges inmediatamente adquiere el derecho a la mitad de todos los bienes gananciales que existieran.

ID.—RENUNCIA DE DERECHOS Y ACCIONES EN LA SOCIEDAD DE GANANCIALES.— Cuando disuelto el vínculo matrimonial por sentencia de divorcio, las partes celebran un contrato por virtud del cual renuncian a todos los derechos y acciones que tienen en la sociedad de gananciales y convienen en que toda propiedad inscrita en el registro a nombre de cualquiera de ellos se considere como de la exclusiva propiedad de la parte en cuyo nombre se hallare inscrita, tal contrato es una cesión mutua de los derechos de una parte a o en cualquier propiedad que estuviese inscrita a nombre de la otra, por lo que al presentarse al registro por cualquiera de las partes una escritura

de compraventa otorgada a su favor, previamente inscrita, para que se ins-- criba la finca que se describe como de su exclusiva pertenencia, tal escritura debe ser inscrita, bien se repute como abandono de derechos o como renuncia de presunción de ser ganancial la propiedad.

ID.—TÍTULO UNIVERSAL.—Aun cuando históricamente la frase ''título universal'' usada en el artículo 21 de la Ley Hipotecaria, se refiere a la herencia, sin embargo los derechos que como usufructuario tiene un marido se han considerado generalmente como título universal, y no se va más allá del sentido de la frase cuando se dice que el título que a la disolución del matrimonio adquiere cada uno de los cónyuges es un título universal.

Los hechos están expresados en la opinión.

Abogado del recurrente: _Sr. Francisco Soto Gras._

El registrador interino recurrido, Sr. Manuel Paz Urdaz, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En la Corte de Distrito de San Juan se dictó el día 16 de mayo de 1916 una sentencia disolviendo el vínculo matrimonial que existía entre Rafael Fabián y Josefina Finlay.

Copia de esta sentencia se presentó al registrador en este caso.

Con posterioridad a la fecha en que se registró la sentencia, los citados Rafael Fabián y Josefina Finlay—representados por conducto de sus respectivos apoderados—comparecieron ante un notario de Nueva York y otorgaron el contrato a que se contrae la nota denegatoria del registrador.

Versaba el contrato sobre una plena, mutua renuncia de derechos y acciones que tenían en la sociedad de gananciales que entre ellos había existido, y convenían y declaraban que toda propiedad que apareciera en el registro a nombre de cualquiera de los esposos fuese y se considerase como de la exclusiva y privativa propiedad del esposo en cuyo nombre se hallare inscrita la propiedad.

Acompañando esta escritura de renuncia y convenio presentó el recurrente Rafael Fabián una escritura de compraventa otorgada a su favor, previamente inscrita, y solicitó del registrador que la finca que en dicha escritura se describe se inscribiese como de su propia y exclusiva propiedad. La nota denegatoria del registrador reza como sigue:

"Denegada la inscripción del precedente documento en cuanto a una finca compuesta de 50,398 metros cuadrados, 41 decímetros, en la Sección Sur del Barrio de Santurce, San Juan, con vista de la sentencia de divorcio y de otros documentos, porque en el presente título no se describen las fincas que deben ser objeto del mismo, sin que sean suficientes para el caso la descripción que de dicha finca se hace en el escrito acompañado, por tratarse del presente que es un documento moderno, y denegada también la inscripción en cuanto a una parcela de 1,000 metros cuadrados, por haber sido segregada de la citada finca y hallarse inscrita a favor de persona distinta de los contratantes; * * *"

Convenimos con el recurrente en que el registrador ha debido expresar sus razones de una manera un poco más amplia.

Parece que no existe ninguna disposición en la Ley Hipotecaria que por sus términos expresos cubra este caso. Nuestro Código Civil, sin embargo, lo reconoce en su artículo 163.

Al quedar en 16 de mayo de 1916 disuelto el vínculo matrimonial de Rafael Fabián y Josefina Finlay, cada uno de ellos inmediatamente adquirió el derecho a una mitad de todos los bienes gananciales que existieran.

El contrato en este caso es una cesión mutua de los derechos de una parte a o en cualquier propiedad que estuviese inscrita a nombre de la otra.

Josefina Finlay, por la sentencia de divorcio, quedó investida de un inmediato derecho a una mitad individual en toda propiedad de la sociedad de gananciales disuelta a virtud de dicha sentencia de divorcio. Ella hizo una cesión general de sus derechos en bienes gananciales en cuanto a toda propiedad que se hubiese inscrito a nombre de Rafael Fabián, renunciando necesariamente la presunción de que fuese ganancial dicha propiedad, presunción que existía a su favor. Ora se repute como abandono de derecho, ora como renuncia de presunción, en ambos casos el recurrente tenía derecho a que se inscribiese su escritura, si el registra-

dor no tenía razón al requerir una descripción específica de los bienes.

Mucho se ha escrito sobre la naturaleza del derecho de un marido o mujer mientras subsiste la sociedad conyugal, pero estamos satisfechos con la teoría de que a su disolución por la muerte o por sentencia de divorcio cada esposo adquiere algunos derechos en realidad, trasmitidos en este caso por virtud de la sentencia de divorcio.

El artículo 21 de la Ley Hipotecaria dispone:

"Las escrituras públicas de actos o contratos que deban inscribirse, expresarán por lo menos todas las circunstancias que bajo pena de nulidad debe contener la inscripción y sean relativas a las personas de los otorgantes, a las fincas y a los derechos inscritos.

"Los dueños de bienes inmuebles o derechos reales por cualquier título universal o singular que no los señale y describa individualmente, podrán obtener su inscripción presentando dicho título con el documento, en su caso, que pruebe haberles sido aquél transmitido, y justificando con cualquier otro documento fehaciente que se hallan comprendidos en él los bienes que traten de inscribir."

Aun cuando históricamente la frase "título universal" se refiere a la herencia, sin embargo, en su literal sentido puede interpretarse con mayor alcance. Los derechos que como usufructuario tiene un marido se han considerado generalmente como título universal, y no creemos que se va más allá del sentido de la frase cuando se dice que el título que a la disolución del matrimonio adquiere cada uno de los cónyuges es un título universal. Se refiere a cada porción de terreno de los que pertenecían a la sociedad conyugal. Así, también, ha sido el traspaso o renuncia de Josefina Finlay en favor de Rafael Fabián un título universal, o cuando menos, respecto a todos los bienes inscritos a nombre del citado Rafael Fabián. Esta doctrina adquiere mayor fuerza con vista del artículo 1247 del Código Civil, que trata de la misma manera los derechos hereditarios y conyugales, a saber:

"Deberán constar en documento público.

"1. *  *  *

"2. *  *  *

"3. *  *  *

"4. La cesión, repudiación y renuncia de los derechos heredita-
rios o de los de la sociedad de gananciales.

"5. *  *  *

"6. *  *  *

Si alguna duda tuviésemos la resolveríamos a favor del
recurrente. Las partes están identificadas. Los bienes han
sido cumplidamente identificados. No hay posibilidad al-
guna de perjudicar a terceros. Josefina Finlay, sus herede-
ros o cesionarios, están completamente impedidos por razón
de sus actos.

La nota denegatoria del registrador ·debe ser revocada,
y hecha la inscripción de conformidad.

> *Revocada la nota recurrida y ordenada la ins-
> cripción solicitada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchi-
son.

Los Jueces Sres. Presidente Hernández y Asociado Al-
drey no intervinieron.