Aníbal Maldonado y su esposa Isabel Tirado, demandantes, apelados y apelantes, *v.* Emiliano Rodríguez, demandado, apelante y apelado.

Núm. 8283.—*Sometido:* Mayo 21, 1941. *Resuelto:* Junio 2, 1941.

*Luis Mercader,* abogado del apelante apelado; *Diego E. Ramos,* abogado de los apelados apelantes.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En la demanda enmendada radicada ante la Corte Municipal de Arecibo los demandantes alegaron ser dueños de un cuadro de terreno radicado en el barrio Río Arriba de Arecibo y que sobre dicho terreno se halla ubicada una casa de madera propiedad del demandado la que tiene un valor de $200 y que ocupa parte de dicho predio sin que el demandado pa-

gue canon ni merced alguna por el uso de la superficie del solar que ocupa la casa, habiéndose negado a retirar la casa y desocupar el solar lo que el demandado puede hacer sin menoscabo del solar. Como consecuencia solicitaron los demandantes sentencia que declarara que ellos tienen derecho a hacer suya la obra o casa del demandado de acuerdo con el artículo 297 del Código Civil previa la indemnización establecida en los artículos 382 y 383 del mismo cuerpo legal, y que al efecto estaban dispuestos y se obligaban a consignar en corte a disposición del demandado $200, valor de la casa o a consignar el importe de la tasación que determinaran los peritos nombrados por la corte, y por último, que una vez firme la sentencia se ordenara al demandado dejar expedita y a la libre disposición de los demandantes la casa y si se negare a ello se proceda a su lanzamiento por el márshal.

El demandado en su contestación negó los hechos esenciales de la demanda y especialmente que la casa fuera de la única propiedad del demandado y como defensa alegó que la casa valía más de $700 y radicaba en una finca de tres cuerdas propiedad no de los demandantes sino de la Sucn. Domena.

Celebrado el juico correspondiente la corte municipal declaró con lugar la demanda y valoró la casa en $225. Apelado el caso a la corte de distrito, se celebró el juicio *de novo* y se volvió a declarar con lugar la demanda pero se valoró la casa en $400, suma que se ordenó a los demandantes consignar en corte a disposición del demandado, y se le ordenó desocupar la casa. De esta sentencia han apelado ambas partes, habiéndose tramitado los recursos conjuntamente.

El único error señalado por los demandantes en su recurso se refiere a que la corte inferior tasó la casa en la excesiva suma de $400, habiendo sido inducida a ello por pasión, prejuicio, parcialidad o manifiesto error al apreciar la prueba. Este único error puede ser resuelto conjunta-

mente con el quinto señalamiento hecho por el demandado que alega que la casa vale $700 y que la corte cometió error al apreciar la prueba. Hemos leído las declaraciones de los peritos de una y otra parte según aparecen de la transcripción de la evidencia y somos de opinión que no debemos variar la conclusión a que llegó la corte inferior al fijar el valor de la casa. Mientras los testigos del demandado declararon que la casa tenía un valor de $500 a $700 el perito de los demandantes declaró que sólo valía de $200 a $225. La corte inferior adoptó un término medio entre los dos extremos seguramente exagerados y fijó el valor en $400. No cometió error y procede, por tanto, desestimarse el recurso de los demandantes.

▆▆▆▆ Veamos los demás errores alegados por el demandado. El primero se refiere a no haber la corte inferior declarado que la demanda no aduce hechos suficientes para constituir una causa de acción. Aunque no se presentó excepción previa alguna al efecto, según aparece de los autos, la demanda enmendada contiene las alegaciones necesarias a la acción ejercitada por los demandantes. El artículo 297 del Código Civil dispone lo siguiente:

"Artículo 297.—El dueño del terreno en que se edificare, sembrare, o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 382 y 383 de este código, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente."

Sostiene el apelante que no se alega que el demandado fabricara de buena o mala fe y que no se ofreció pagar al demandado la indemnización correspondiente. La buena fe se presume siempre y, por tanto, no era necesario alegarla expresamente y en cuanto a la indemnización los demandantes en la demanda hicieron constar que solicitaban se les condenara a pagar la indemnización que provee el artículo 297 supra y se comprometieron a consignar $200 o cualquiera

otra cantidad que determinaran los peritos nombrados por la corte. No se cometió error.

■ Por el segundo señalamiento se dice que la corte inferior actuó sin jurisdicción por haberse probado que la casa valía más de $700 y que por tanto la corte municipal no tuvo jurisdicción original en el caso y tampoco la corte de distrito en apelación. Ya hemos resuelto que la corte inferior no cometió error al fijar el valor de la casa en $400, de manera que tampoco existe este error.

■ Por el tercer señalamiento se alega que se cometió error por la corte sentenciadora al declarar válidas las donaciones hechas y alegadas por Margarita Domena sin que fueran hechas de acuerdo con la ley y, por ende, decretar que los demandantes son dueños del solar en que ubica la casa del demandado.

De la prueba presentada por los demandantes aparece probado que ellos adquirieron la parcela de terreno en que radica la casa por compra a María Pía González por escritura núm. 63 otorgada el 5 de octubre de 1938; que doña María Pía González lo adquirió diez años antes por escritura núm. 99 otorgada el 9 de septiembre de 1928 por compra a Margarita Domena y que ésta a su vez lo había adquirido por donación que le hicieran todos sus hermanos según aparece de las escrituras núm. 69 otorgada el 30 de junio de 1928 y núm. 72 otorgada el 6 de julio de 1928.

La contención del apelante es que estas donaciones son nulas porque en las escrituras antes mencionadas se hace constar que el padre Ramón Domena donó en vida a su hija Margarita la casa y el terreno y que siendo casado don Ramón su esposa tenía la mitad indivisa de la finca y ella no intervino en las donaciones. En primer término diremos que lo que se hace constar en las escrituras es que Ramón Domena, padre de Margarita, le había hecho donación de una casa pero en absoluto se habla de terreno alguno. En cuanto a si las donaciones hechas por sus hermanos a Mar-

garita son válidas o no ya esta Corte resolvió la cuestión planteada en el caso de *Arroyo et al.* v. *Bruno et al.*, 23 D.P.R. 814, 821, cuando se dijo:

"Además, no siendo los demandados los herederos legítimos del donante, es bien claro que no tienen acción alguna para impugnar la donación a que se refiere la demanda. *Tal acción sólo correspondería en el caso de existir a los herederos legítimos que según la demanda son otras personas distintas de los demandados.*" (Itálicas nuestras.)

Igual situación existe en el caso que resolvemos. El demandado no ha alegado ni probado que sea heredero legítimo de los donantes en este caso y no puede por tanto impugnar la donación hecha por los Domena a favor de Margarita de quien procede el título de María Pía González y de los aquí demandantes.

El demandado por el cuarto señalamiento alega que cometió error la corte inferior al declarar que el demandado debe dejar la casa al demandante mediante pago de $400 a pesar de que la misma sólo pertenece a él en la mitad indivisa siendo la otra mitad de la que fué su esposa Elena Iguina.

Como hemos visto antes por el resumen que hemos hecho de las alegaciones, en la contestación, el demandado negó la alegación de la demanda de que la casa fuera de la única propiedad suya. De la prueba presentada por el demandado y admitida por la corte aparece que la casa objeto de esta acción fué adquirida por el demandado y la que fué su esposa Elena Iguina por permuta que hicieron de otras propiedades con los esposos Alfonso Muriente y Marcolina López. Así aparece de la escritura núm. 83 otorgada en Arecibo el 25 de agosto de 1938 ante el Notario J. Córdova Rivera, donde se hizo constar lo siguiente:

"Primero: Que don Emiliano Rodríguez Suazo y doña Elena Iguina, *cuando eran casados entre sí adquirieron para la sociedad de gananciales* la siguiente finca, inscrita al tomo 89, folio 176, y

afecta a una hipoteca por TRESCIENTOS CINCUENTA DÓLARES ($350) de capital principal y CIEN DÓLARES ($100.) de crédito adicional a favor de don Angel M. Yumet, la siguiente finca: (se describe.)

"Segundo: Que a pesar de que don Emiliano Rodríguez Suazo y doña Elena Iguina, *fueron divorciados entre sí, no se ha practicado la división de la sociedad de gananciales, por lo que la anterior finca descrita pertenece a ambos.*

"Tercero: Que la antes descrita finca tiene un valor de mil cuatrocientos dólares ($1,400.)

"Cuarto: Que los otros comparecientes esposos Alfonso Muriente y Marcolina López son dueños de la siguiente: (Se describe la casa objeto de esta acción.)

"Quinto: Que teniendo convenida la permuta de las antes indicadas fincas, ahora y por la presente don Emiliano Rodríguez Suazo y doña Elena Iguina *permutan su finca de cuatro y media cuerdas,* descrita anteriormente con los esposos don Alfonso Muriente y doña Marcolina López por la finca, *esto es por la casa de maderas,* que pertenece a los referidos esposos, que fué descrita anteriormente, *quedando por tanto desde este momento don Emiliano Rodríguez Suazo y doña Elena Iguina como únicos dueños de la casa que pertenecía a los esposos Muriente López,* y asimismo los esposos Muriente López quedan como únicos dueños de la finca de cuatro y media cuerdas que antes pertenecía a don Emiliano Rodríguez Suazo y a doña Elena Iguina. Pero observándose que la finca de cuatro y media cuerdas tiene un valor de mil cuatrocientos dólares ($1,400) mientras que la casa descrita tiene solamente un valor de cuatrocientos cincuenta dólares ($450) ahora los esposos Muriente López y para completar el valor de la finca de cuatro y media cuerdas, valorada en mil cuatrocientos dólares ($1,400), *hacen entrega a don Emiliano Rodríguez Suazo y a doña Elena Iguina de la suma de cuatrocientos cincuenta dólares ($450) en dinero;* más un pagaré por ciento cincuenta dólares ($150) haciéndose los citados esposos Muriente López responsables a pagar los trescientos cincuenta dólares ($350) que grava la finca con la hipoteca del señor Yumet. De manera que valor de la casa cuatrocientos cincuenta dólares ($450) más cuatrocientos cincuenta dólares ($450) en metálico; más ciento cincuenta dólares ($150) en un pagaré; más trescientos cincuenta dólares ($350) de la hipoteca de Yumet, hace un total de mil cuatrocientos dólares ($1,400) que es un valor igual al de la finca. Y en estas condiciones ha quedado la permuta consumada." (Itálicas nuestras.)

Esta prueba no fué controvertida en forma alguna por los demandantes y ella demuestra que la casa objeto de este litigio no pertenece al demandado únicamente sino que su ex esposa Elena Iguina es dueña de una mitad proindivisa en dicha casa ya que ella al disolverse el matrimonio adquirió inmediatamente el derecho a la mitad de todos los bienes gananciales que existían (*Fabián* v. *Registrador,* 25 D.P.R. 899) habiendo intervenido en su permuta por la casa en litigio. Es cierto, como dicen los demandantes, que la excepción previa de defecto de parte demandada no puede alegarse por primera vez en apelación según se resolvió en el caso de *Plazuela Sugar Co.* v. *García,* 22 D.P.R. 45, pero esa no es la cuestión primordial sino que en el caso de autos la condueña de la casa no fué vencida en juicio, no tuvo su día en corte. Debió haber sido hecha parte demandada y al no hacerlo así los demandantes, y al demostrarse por la prueba documental que el demandado sólo era condueño de una mitad proindivisa de la casa, la sentencia de la corte inferior debió limitarse a reconocer en los demandantes el derecho de adquirir el condominio del demandado. El error fué cometido pero no conlleva la revocación de la sentencia porque, de acuerdo con el artículo 74 del Código de Enjuiciamiento Civil, la corte sentenciadora pudo resolver la controversia entre las partes sin perjudicar o salvando los derechos de la condueña Elena Iguina. *Lo que procede, por tanto, es modificar la sentencia apelada en el sentido de que los demandantes deberán depositar en la secretaría de la corte inferior la suma de $200 importe del condominio propiedad del demandado equivalente a una mitad de la casa objeto del litigio, sin perjuicio de que los demandantes entablen la acción correspondiente en contra de la condueña Elena Iguina para adquirir el restante condominio, previa la indemnización del valor en que sea tasado el mismo en dicha acción, y así modificada se confirma la sentencia.*