Ríos, Recurrente, *v.* El Registrador, Recurrido.

Recurso gubernativo contra resolución del Registrador de la Propiedad de Arecibo.

No. 146.—Resuelto en junio 17, 1913.

Bienes Gananciales—Fallecimiento de Uno de los Cónyuges—Inscripción a Favor de la Viuda y de los Hijos.—La liquidación de la sociedad de gananciales no es requisito indispensable para inscribir proindiviso a favor del cónyuge sobreviviente y de los hijos una finca de la sociedad de gananciales inscrita previamente a nombre del cónyuge difunto, bastando para este fin la presentación en el registro del testamento con la certificación de defunción del testador o de la declaración judicial de herederos.

Id.—Liquidación de la Sociedad de Gananciales—Inscripción de las Partici-
     paciones a Favor de los Herederos.—La escritura de inventario, división y
     adjudicación de bienes es indispensable para inscribir a nombre del cónyuge
     sobreviviente y de los hijos, una finca inscrita a nombre del difunto, cuando
     lo que pretenden los herederos es inscribir participación determinada de
     dichos bienes en favor de cada uno de ellos, y no la finca proindivisa.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Martínez Dávila.*

El Registrador José Marcial López compareció en nombre
propio.

El Juez Presidente Sr. Hernández emitió la opinion del
tribunal.

Con fecha 17 de mayo de 1901 José Loreto Ríos y Ramí-
rez de Arellano otorgó testamento en la Villa de Arecibo
ante el Notario Don Juan Zacarías Rodríguez, en que declaró
estar casado con Antonia Villafaña y Torrado en la que había
procreado 12 hijos, siete varones y cinco hembras, y no haber
aportado ni él ni su esposa bienes al matrimonio, por lo que
los que aparecieran después de su muerte debían considerarse
adquiridos durante la sociedad de gananciales, habiendo insti-
tuído a sus 12 hijos por sus únicos y universales herederos
sin perjuicio de la cuota vidual que en usufructo correspon-
día a la esposa Antonia Villafaña.

José Loreto Ríos y Ramírez de Arellano falleció en 3 de
febrero del año 1907, y anteriormente, o sea en 2 de marzo de
1904, había fallecido una de sus hijas.

Presentado al Registrador de la Propiedad de Arecibo en
11 de febrero del año corriente el testamento de José Loreto
Ríos en unión de otros documentos, para que se inscribiera
en común proindiviso y en la proporción de una mitad para
la viuda y la otra mitad entre los once hijos, por iguales par-
tes, una finca rústica compuesta de 101 cuerdas, radicada en
el barrio de Don Alonso, término municipal de Utuado, la
que aparecía inscrita en dicho registro a favor de José Loreto
Ríos, el registrador denegó la inscripción por resultar que
la expresada finca pertenece a la sociedad legal de ganan-
ciales llevada por José Loreto Ríos con Antonia Villafaña.

y no procedía, por tanto, la inscripción de partes alícuotas o determinadas de ella, sin que previamente se practicaran la liquidación de dicha sociedad y la adjudicación en documento público a los causahabientes de la parte ganancial, luego de deducidas las cargas o deudas de la repetida sociedad.

Fué presentado nuevamente al registro el mismo testamento de que se deja hecho mérito en unión de otros documentos, para que la misma finca de que se trata se inscribiera en común y proindiviso a favor de la viuda e hijos del finado José Loreto Ríos, a título de gananciales y usufructo en cuanto a la primera y por herencia en cuanto a los demás, y el registrador denegó también la inscripción solicitada por medio de nota que copiada a la letra dice así:

"Denegada la inscripción a que se contrae la anterior nota de presentación, porque resultando que la finca a que se refiere dicha nota, pertenece a la sociedad legal de gananciales llevada por Don José Loreto Ríos 'y Ramírez de Arellano con Doña Antonia Villafaña Torrado, no procede la inscripción en forma alguna a favor de la viuda y herederos, sin que previamente se practique la liquidación de aquella sociedad con arreglo a las disposiciones del Código Civil, sección 7ª., capítulo 4º., libro 4º., y la adjudicación hecha en documento público a los causahabientes de la parte ganancial, luego de deducidas las cargas o deudas de dicha sociedad, según los artículos 1334 y 1337 de dicho código; y siendo tal defecto insubsanable, se deniega por tal fundamento la inscripción solicitada; y en cumplimiento de lo establecido por la sección 7ª. de la ley de 1º. de marzo de 1902, fué tomada la anotación preventiva que tendrá efecto legal durante ciento veinte días de su fecha, al folio 118 del tomo 94 de Utuado, finca número 3546 duplicado, anotación letra E. Arecibo, 24 abril, 1913. José Marcial López, Registrador."

Esa nota ha sido recurrida en tiempo oportuno y está hoy sometida a nuestra consideración y decisión.

La cuestión envuelta en el presente recurso ha sido ya resuelta por este Tribunal Supremo en los casos de la *Sucesión Dávila* v. *El Registrador de la Propiedad,* 15 D. P. R., 669, y de *Quiñones* v. *El Registrador de la Propiedad,* 16 D. P. R.; 16. En ambos casos lo mismo que en el sometido

a nuestra consideración, fueron denegadas las inscripciones por no haberse hecho la liquidación de los bienes de la sociedad de gananciales a que pertenecían las fincas cuya inscripción se pretendía.

Al resolver los dos primeros casos, dijimos:

"* * * para inscribir el derecho hereditario basta con presentar el documento auténtico en que tal derecho conste, siempre que se reunan estas dos circunstancias: primera, que los bienes hereditarios consten inscritos a favor del causante, como sucede en el presente caso, y segunda, que haya un solo heredero o varios que soliciten la inscripción proindiviso. De modo que sólo puede exigirse la escritura de inventario, división y adjudicación cuando lo que pretenden los herederos es que se inscriba la participación de los bienes relictos, mas nó cuando, partiendo del hecho de la proindivisión, sólo quieren conste en el registro su derecho hereditario con respecto a fincas inscritas a nombre de su causante. Con esta doctrina, sustentada por las resoluciones de 13 de marzo de 1885 y 25 de febrero de 1888, resulta inscribible el derecho hereditario de determinada persona a continuación de la inscripción de la finca que consta ser del causante y se describe en la solicitud."

En la resolución de la Dirección General de los Registros de España de 25 de febrero de 1888 se establece que es indisputable el derecho que asiste a todo condueño para inscribir su participación en la cosa común y que, por tanto, mientras está proindiviso el caudal hereditario, cada uno de los coherederos puede obtener la inscripción de la parte alícuota que le corresponda, presentando al efecto el testamento con la certificación de óbito del testador o la declaración judicial de herederos.

Ciertamente que el artículo 20 de la Ley Hipotecaria dispone que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen. En el presente caso la finca rústica de que se trata aparece inscrita en el Registro de

la Propiedad de Arecibo a favor de José Loreto Ríos y siendo, como es, bien ganancial adquirido en sociedad con su esposa Antonia Villafaña, ha de entenderse inscrita a favor de la sociedad de gananciales de la que uno y otro cónyuge eran partes.

Disuelta la sociedad de gananciales por muerte de José Loreto Ríos, sus herederos o causahabientes vinieron a compartir con la viuda Antonia Villafaña los derechos correspondientes a ambos cónyuges en la sociedad expresada, cuyos derechos en verdad no pueden fijarse sino mediante la liquidación de dicha sociedad. De ahí que sin esa liquidación el cónyuge supérstite no pueda disponer cual si fueran propios del todo o parte determinada de los bienes que tengan el carácter de gananciales.

Opinamos que así como no es necesaria la liquidación de la herencia para que pueda inscribirse el derecho hereditario a favor de los herederos de una persona, también puede inscribirse a favor del cónyuge sobreviviente la parte que pueda corresponderle en los bienes gananciales, bien en concepto de usufructo legal, bien por razón de gananciales. Por supuesto que tales inscripciones estarán sujetas al resultado de la liquidación de la herencia y de la sociedad de gananciales.

La viuda de José Loreto Ríos tiene derecho a participar de los bienes de la sociedad de gananciales, ya por concepto de gananciales ya por razón de usufructo vidual, y sus hijos tienen derecho a los bienes de su difunto padre por título hereditario. Esos derechos pueden ser inscritos en el registro.

Procede la revocación de la nota recurrida y que se lleve a cabo la inscripción denegada.

*Revocada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.