ALLENDE, RECURRENTE, *v.* REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de la inscripción de una escritura de hipoteca.

No. 461.—Resuelto en junio 3, 1920.

BIENES GANANCIALES—HIPOTECA—LIQUIDACIÓN DE LA SOCIEDAD CONYUGAL—EXTENSIÓN DEL DERECHO HIPOTECARIO.—Inscrita una finca como bien ganancial en el registro y luego a. favor del viudo y de los hijos del matrimonio a virtud de la muerte de la esposa, es inscribible la hipoteca otorgada por el viudo sobre su mitad de gananciales, pero verificándose la inscripción sujeta a las resultas de la liquidación de la dicha sociedad de gananciales.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Pedro González.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Juan Allende constituyó hipoteca sobre la mitad pro-indivisa de cierta finca urbana situada en Santurce, P. R. Presentada para su inscripción en el registro la escritura, el registrador se negó a ello porque la indicada finca aparecía inscrita a favor de Allende y sus hijos pro-indivisa y sin determinación de partes.

Del registro consta que la finca en cuestión fué adquirida por Allende siendo casado y que muerta la esposa fueron declarados herederos sus hijos habidos en su matrimonio con

Allende y el propio Allende en la porción en usufructo que fija la ley. Obtenida la declaratoria de herederos, el viudo pidió la inscripción de la finca en el registro, en la siguiente .forma: Una mitad pro-indivisa a su favor y la otra mitad a favor suyo, en usufructo, y de sus hijos, en propiedad, por partes iguales pro-indivisas. El registrador se limitó a inscribir la propiedad pro-indivisa a favor de Allende y de sus hijos sin especificar la extensión de sus condominios. Y así las cosas, Allende otorgó la escritura de hipoteca de que se trata en la forma en que se ha dicho.

Cita el registrador en apoyo de su negativa, el artículo 20 de la Ley Hipotecaria y la jurisprudencia establecida por esta Corte Suprema en los casos de *Ríos* v. *El Registrador de Arecibo,* 19 D. P. R. 742; *Paulo* v. *El Registrador de Guayama,* 23 D. P. R. 318, y *Rossy* v. *El Registrador de San Juan,* 23 D. P. R. 553.

El artículo 20 de la Ley Hipotecaria prescribe que deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la trasmisión o gravamen, para poder inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, y la jurisprudencia invocada establece:

En el caso de Ríos, *supra,* que "la liquidación de la sociedad conyugal no es requisito indispensable para inscribir pro-indiviso a favor del cónyuge sobreviviente y de los hijos una finca ' de la sociedad conyugal inscrita previamente a nombre del cónyuge difunto, bastando para este fin la presentación en el registro del testamento y la certificación de defunción del testador o de la declaratoria de herederos." Y que "la escritura de inventario, división y. adjudicación de bienes es indispensable para inscribir a nombre del cónyuge sobreviviente y de los hijos una finca inscrita a' nombre del difunto, cuando lo que pretenden los herederos es inscribir participación determinada de dichos bienes en favor de cada uno de ellos, y no la finca pro-indivisa."

En el caso de Paulo, *supra*, que "cuando los herederos solo tienen inscrito en el registro su título de herencia intestada en común y pro-indiviso con el cónyuge viudo en relación a determinada finca del haber hereditario, solamente pueden enajenar ese derecho indefinido e indeterminado según aparece del registro, pero no un condominio igual a la mitad del valor de dicha finca, el que, no estando inscrito a favor del vendedor, tampoco puede inscribirse a favor del comprador por impedirlo el artículo 20 de la Ley Hipotecaria."

Y en el caso de Rossy, *supra*, que "por la muerte de uno de los cónyuges nace en el viudo, en relación con la disolución del matrimonio, el derecho a la plena propiedad de la mitad de los bienes que una vez liquidada la sociedad conyugal resulten ser ganancias pero por el solo hecho de la muerte del cónyuge no llega a ser dueño el viudo de una mitad de la propiedad, ni puede disponer como suya de tal mitad, o de menos de ella, aunque puede ceder sus derechos en la misma."

Si el artículo 20 de la Ley Hipotecaria impide o no la inscripción de la hipoteca en este caso concreto, depende del alcance que se dé a la inscripción de la finca, propiedad ganancial del matrimonio Allende, a favor de Allende y de sus hijos, una vez muerta la esposa. En cuanto a la jurisprudencia establecida, basta examinarla ligeramente para concluir que encuentra apoyo en ella el criterio sustentado por el registrador.

Ahora bien, con posterioridad a los casos de Ríos, Paulo y Rossy invocados, ésta Corte Suprema decidió los casos de *Capó* v. *Fernández*, 27 D. P. R. 715, y *Santini et al.* v. *Díaz San Miguel et al.*, 27 D. P. R. 816, en los que, si bien reconoció a la partición de la herencia y a la liquidación de la sociedad de gananciales su función verdadera, reconoció también efectividad inmediata al derecho hereditario y a la disolución de la sociedad, adoptando así un temperamento liberal que a la vez que garantiza todos los derechos envueltos

permite reclamaciones y transacciones difíciles o imposibles de otro modo. Ese temperamento nos lleva necesariamente a modificar también nuestra jurisprudencia sobre la materia en relación con los registros de la propiedad.

Ya en el caso de *Dávila* v. *El Registrador de Caguas,* decidido el 25 de marzo último, (*pág. 197*) y en el que Jesús María Maldonado una vez que obtuvo que se le declarara heredero en unión de catorce hermanos más de su padre Nemesio Dávila, pidió que en cierta finca, que estaba inscrita a favor de su padre como bien ganancial, se hiciera constar su derecho hereditario en cuanto a una treinta ava parte indivisa de la misma, y en el que el registrador se limitó a inscribir el derecho hereditario indiviso sin especificar su extensión, esta corte, por medio de su Juez Asociado Sr. Aldrey, dijo:

"De acuerdo con lo que resolvimos en el caso de *Capó.* v. *Fernández,* 27 D. P. R. 715, al recurrente corresponde una treinta ava parte de la finca comprada por la sociedad de gananciales de que formó parte su padre, porque desde el mismo momento de su muerte sus derechos se trasmitieron a sus herederos, aunque no aparezca liquidada la sociedad de gananciales y aunque la herencia no haya sido partida, porque no existiendo testamento la ley fija en partes iguales la extensión del derecho de cada heredero."

La circunstancia de que cuando Allende solicitó la anterior inscripción de una mitad indivisa de la finca ganancial a su favor y la de la otra mitad a favor de los herederos, el registrador se limitara a inscribir la finca proindivisa y Allende no recurriera, no es obstáculo, a nuestro juicio, para que Allende otorgara la escritura de hipoteca en la forma en que lo hizo y para que dicha escritura pueda inscribirse en el registro, porque si bien no hizo constar el registrador la extensión del derecho que a cada uno correspondía, como debió haberlo hecho para mayor claridad, y como sin duda hubiera ordenado que lo hiciera esta corte en el caso de que Allende hubiera pedido el auxilio de la misma en su oportunidad, esa extensión no puede ser otra que la fijada en la ley. Interpretada la inscripción a que nos re-

ferimos a la luz de la única ley aplicable al caso, tiene necesariamente que concluirse que la mitad correspondía al cónyuge viudo y la otra mitad a los herederos, todo, desde luego, indiviso y sujeto a las resultas de la liquidación de la sociedad de gananciales y de la partición de la herencia.

Además, ya esta Corte Suprema, en el caso de *Becerra v. El Registrador de Guayama,* fijó su criterio de una manera clara sobre el particular. La opinión fué emitida por el Juez Asociado Sr. Hutchison y dice así:

"El cónyuge superviviente, Diego Becerra, como dueño de una mitad proindivisa de ciertas fincas rústicas adquiridas durante su matrimonio constituyó hipoteca sobre su participación en dichas fincas.

El registrador se negó a verificar la inscripción de este documento por el fundamento de que dicha participación indivisa no había sido inscrito debidamente a nombre del deudor hipotecario después de la liquidación de la sociedad de gananciales.

La finca en cuestión ya había sido inscrita a nombre de Becerra como bienes de la sociedad de gananciales. Los hijos habían sido declarados únicos y universales herederos de la difunta esposa. El marido siguió siendo el dueño con derecho inscrito de una mitad pro indivisa de los bienes inmuebles de la sociedad de gananciales, sujeta, por supuesto, a las resultas de la liquidación de la sociedad conyugal. El no trató de hipotecar nada más que esto.

La mención que se haga del hecho de que la participación en los bienes inmuebles de tal modo gravados queda sujeta a las resultas de tal liquidación, sería bastante para prevenir a terceras personas interesadas en la propiedad, no vemos razón por la cual no deba ser inscrita la hipoteca, haciéndose referencia a la omisión aparente de no haberse practicado una liquidación formal."

Por virtud de todo lo expuesto, opinamos que debe revocarse la nota recurrida y ordenarse al registrador que verifique la inscripción solicitada, sujeta a las resultas de la liquidación de la sociedad de gananciales.

*Revocada la nota recurrida.*

Juez concurrente: Asociado Sr. Hutchison.

El Juez Asociado Sr. Wolf firmó conforme con la sentencia.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey disintieron.

_____

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ.

La única cuestión legal a resolver en el presente recurso es la de si inscrita en el registro cierta finca urbana en común y proindiviso a favor del viudo Juan Allende y herederos de su difunta esposa, sin especificar la extensión de la porción dominical correspondiente a cada uno de ellos, es inscribible una escritura de hipoteca constituída por el viudo sobre la mitad de dicha finca.

La cuestión se resuelve fácilmente mediante aplicación del artículo 20 de la Ley Hipotecaria que en la parte atinente dice así:

"Para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la trasmisión o gravamen."

En el presente caso se trata de inscribir un título en que se grava por el viudo la mitad de una finca urbana como de su exclusiva propiedad; pero el dominio de esa mitad no aparece inscrito a su favor en el registro sino que la finca toda está inscrita en común y pro-indiviso a favor del mismo y de los herederos de su difunta esposa. Falta pués, un requisito indispensable para que pueda llevarse a efecto la inscripción de la hipoteca sin infringir el precepto legal que dejamos transcrito.

No es materia a discutir cuáles sean las participaciones de dominio que en la finca corresponden al viudo y herederos de la esposa. Esa cuestión hubiera podido considerarse y resolverse si hubiera sido recurrida oportunamente para ante esta Corte Suprema la nota del régistrador por la que éste se limitó a inscribir la propiedad indivisa de la tota-

lidad de la finca a favor de Allende y de sus hijos sin especificar la extensión de los condominios a pesar de haberse así solicitado. Ese procedimiento fué seguido en el caso de *Dávila* v. *El Registrador,* citado en la opinión de la corte. Como la expresada nota no fué recurrida quedó establecido un estado de derecho en virtud del cual solo puede estimarse inscrita en el registro, en común y pro-indiviso, a favor del viudo y herederos de su esposa, la finca de que se trata sin fijarse las participaciones dominicales correspondientes a cada uno de ellos.

Por las razones expuestas, disintiendo de la opinión de la mayoría de la corte, estimo que debe confirmarse la nota recurrida.