Muñoz, Recurrente, *v.* Registrador de Caguas,
Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegatoria de inscripción de una escritura de hipoteca.

No. 512.—Resuelto en enero 16, 1922.

Bienes Gananciales—Hipoteca de la Mitad Indivisa—Liquidación de Gananciales.—Inscrita una finca como bien ganancial, es inscribible la hipoteca otorgada por la viuda sobre su mitad indivisa, pero verificándose la inscripción sujeta a las resultas de la liquidación de la sociedad de gananciales.

Los hechos están expresados en la opinión.
Abogado de la recurrente: *Sr. F. González.*
El registrador recurrido no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Caguas una escritura de hipoteca otorgada por doña Rosario Carrión viuda de Dávila a favor de doña Mercedes Muñoz Barrios sobre la mitad indivisa de cierta finca rústica, el registrador se negó a ello "por observar que la finca se encuentra inscrita a nombre de doña Rosario Carrión Cruz, casada con don Nemesio Dávila Villafañe, sin que del registro aparezca haberse liquidado la sociedad de gananciales por ambos constituída."

Contra la anterior negativa se interpuso el presente recurso gubernativo acompañándose a la escritura de hipoteca una certificación expedida por el propio Registrador de Caguas de la que consta que la finca de que se trata fué adquirida, según la inscripción segunda de la misma, el 3 de abril de 1893 por doña Rosario Carrión y Cruz representada por su legítimo esposo Nemesio Dávila y Villafañe a título de compra y que habiendo fallecido el 3 de abril de 1899 sin otorgar testamento Nemesio Dávila Villafañe y habiendo declarado la Corte de Distrito de Humacao herederos suyos a sus quince hijos, uno de ellos solicitó y obtuvo la inscripción a su favor de una treinta ava parte indivisa de la finca en cuestión. Véase *Dávila* v. *Registrador de Caguas,* 28 D. P. R. 197.

Siendo esos los hechos, es necesario concluir que el registrador erró al negarse a inscribir la hipoteca de que se trata. Este caso es igual al de *Becerra* v. *Registrador de Guayama,* 27 D. P. R. 843, citado con aprobación en el de *Allende* v. *Registrador de San Juan,* 28 D. P. R. 569. Siguiendo el mismo razonamiento que en el caso de Becerra, podemos decir aquí: la finca en cuestión ya había sido inscrita a nombre de doña Rosario Carrión presuntivamente como un bien ga-

nancial por haberla adquirido a título oneroso durante el matrimonio. Los hijos del esposo habían sido declarados los únicos y universales herederos del mismo. La mujer siguió siendo la dueña con derecho inscrito de una mitad proindivisa de los bienes inmuebles de la sociedad de gananciales, sujeta, por supuesto, a las resultas de la liquidación de dicha sociedad. Véase el caso de *Santini et al.* v. *Díaz San Miguel et al.*, 27 D. P. R. 817. La hipoteca aquí constituída se extiende únicamente a la mitad proindivisa que según el propio registro corresponde a la esposa.

Insistimos en decir que la mejor práctica en estos casos es liquidar debida y claramente la sociedad de gananciales y hacer la inscripción consiguiente en el registro. De este modo se fijan en forma más concreta y definitiva los derechos de los interesados, y se evitan dudas y complicaciones en el futuro. Pero si un acreedor acepta la garantía que se le da sobre un derecho que consta del registro aunque tal vez resulte ilusorio en el futuro, el registrador no debe poner obstáculos a la transacción realizada. Presuntivamente doña Rosario Carrión es dueña de una mitad proindivisa de la finca de que se trata y como tal dueña puede vender o hipotecar libremente dicha participación.

Por virtud de lo expuesto se revoca la nota recurrida y se ordena la inscripción solicitada sujeta a las resultas de la liquidación de la sociedad de gananciales de que se trata y con el defecto subsanable apuntado por el registrador en la nota que no ha sido objeto de argumentación por parte de la recurrente.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.