La Sucesión de Ramón Garrastazú y Pabón, recurrente; *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 662.—*Sometido:* Enero 10, 1927. *Resuelto:* Enero 24, 1927.

1. Descendencia y Distribución—Personas con Derecho y sus Participaciones Respectivas—Herederos y Parientes Próximos—Derecho Hereditario y Participación en los Bienes del Causante—Su Inscripción—En General.—Los herederos de un finado pueden inscribir su derecho hereditario con fijación de la extensión del mismo sobre las fincas ya inscritas a favor de su causante en el registro.

2. Descendencia y Distribución—Personas con Derecho y sus Participaciones Respectivas—Herederos y Parientes Próximos—Derecho Hereditario y Participación en los Bienes del Causante—Su Inscripción—En General.—La preterición de un heredero forzoso en línea recta nacido después de otorgado el testamento y antes de la muerte del testador, anula la institución de herederos, pero si al heredero preterido se le reconoce por los herederos instituídos en el testamento los derechos que la ley le otorga y todos juntos solicitan que se inscriban sus derechos hereditarios sobre los bienes del testador ya inscritos en el Registro, procede dicha inscripción.

Nota de *Luis Capó Matres*, R. (San Germán), negando inscripción de derecho hereditario de los peticionarios con fijación de la extensión del mismo. *Revocada.*

*Nazario & García Méndez*, abogados del recurrente; *El Registrador* compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Ramón Garrastazú murió en Cabo Rojo, P. R., en 1923, bajo el testamento abierto que otorgara ante notario público en 1914. No dejó ascendientes, ni descendientes legítimos, ni cónyuge viudo. Sólo hijos naturales reconocidos. Y dispuso de sus bienes así: "En atención a que sus tres hijos naturales reconocidos nombrados Arturo, Francisco Solano y Ramón Garrastazú y Arroyo . . . . han estado constantemente a su lado ayudándole en sus labores del campo, cuidándolo y atendiéndolo durante su enfermedad, es su voluntad hacer uso del derecho que la ley le confiere en la parte de que puede disponer libremente, a cuyo efecto lega a sus dichos tres hijos naturales reconocidos . . . . las dos terceras partes del capital líquido que resulte de su pertenencia al fin de sus días, ordenando que sus dichas dos terceras partes se le adjudiquen sin otra limitación que las impuestas por la ley."

En el resto de sus bienes, o sea en la tercera parte de los mismos, instituyó herederos a todos sus hijos naturales que nombra y reconoce en número de trece. Después de otorgado el testamento y antes de morir el testador tuvo éste dos hijos más que obtuvieron su reconocimiento mediante sentencia de la Corte de Distrito de Mayagüez.

Así las cosas, doce de los hijos instituídos herederos en el testamento y los dos reconocidos por sentencia comparecieron como la Sucesión de Ramón Garrastazú, por medio de su abogado, ante el registrador de la propiedad y, alegando y probando que el hijo que faltaba murió en la minoridad antes de morir el padre, sin dejar descendencia, y acompañando el testamento y otros documentos, le pidieron que inscribiera a su favor dos fincas que constaban inscritas a nombre de su causante en el registro, en las proporciones indicadas, a saber: dos terceras partes, por legado, a favor de Arturo, Francisco Solano y Ramón Garrastazú

y Arroyo y la tercera restante, por herencia, a favor de todos los hijos naturales reconocidos componentes de la sucesión.

El registrador negó la inscripción solicitada porque a su juicio sólo procedería después de verificadas las operaciones divisorias correspondientes. Apuntó además el defecto subsanable de no expresarse en la demanda sobre filiación quiénes eran los componentes de la Sucesión Garrastazú. Y además sostuvo en su alegato que la institución de herederos era nula por haber sido preteridos dos hijos naturales reconocidos.

Contra la negativa del registrador se interpuso el presente recurso gubernativo.

[1] El propio registrador reconoce tanto en su nota como en su alegato que hubiera procedido la simple inscripción del derecho hereditario de los peticionarios, pero estima que eso no fué lo que ellos solicitaron. Sostiene que se pidió algo dividido, adjudicado, que sólo podía inscribirse después de practicada la partición de la herencia de acuerdo con la ley.

A nuestro juicio erró en su apreciación el registrador y por tanto es insostenible la conclusión a que llegara.

En el caso de *Sucesión Dávila* v. *Registrador de Caguas,* 15 D.P.R. 669, 672, esta corte por medio de su Juez Asociado Sr. Figueras se expresó así:

"Ahora bien; para inscribir el derecho hereditario basta con presentar el documento auténtico en que tal derecho conste, siempre que se reunan estas dos circunstancias; primera, que los bienes hereditarios consten inscritos a favor del causante, como sucede en el presente caso, y segunda, que haya un solo heredero o varios que soliciten la inscripción proindiviso. De modo que sólo puede exigirse la escritura de inventario, división y adjudicación cuando lo que pretenden los herederos es que se inscriba la participación de los bienes relictos, mas no cuando partiendo del hecho de la proindivisión, sólo quieren conste en el registro su derecho hereditario con respecto a fincas inscritas, a nombre de su causante."

Y parece conveniente citar además el caso de *Capó* v. *Fernández,* 27 D.P.R. 715, 725, en el que se dijo:

"Por virtud de la partición es adjudicada a cada heredero la parte que le corresponde y esa parte desde entonces constituye un bien particular suyo, pero no es necesaria la partición para que el heredero adquiera, y reclame en el caso de que se niegue por otra persona su derecho, su parte proporcional en todos y cada uno de los bienes de la herencia, parte proporcional que puede fijar el mismo testador, dentro de ciertos límites, o que fija con toda claridad la ley cuando no existe testamento. . . . . La partición es necesaria cuando se reclaman bienes aislados, deslindados, separados, procedentes de una herencia pero adjudicados ya a determinado heredero. El título de heredero es bastante cuando lo que se pide es que se reconozca al demandante en los bienes de la herencia el derecho que la misma ley le asigna."

En un hecho admitido por el registrador y conforme a la ley que existiendo sólo hijos naturales reconocidos, como en este caso, el testador podía disponer como dispuso libremente de las dos terceras partes de sus bienes, quedando como legítima de sus herederos la tercera parte restante.

Los legatarios y los herederos no han pedido que se inscriba a su favor determinadas porciones aisladas, separadas, formando nuevas unidades, de los bienes de la herencia. Simplemente han llevado al registro el testamento completado por la sentencia de la corte en el caso de filiación y han pedido que se inscriban sus derechos sobre las fincas inscritas a favor de su causante en la forma que resulta de dichos documentos. No hay división, no hay partición propiamente dicha. A virtud de la inscripción en la forma solicitada el causante quedará sustituído en el registro por sus herederos y legatarios en la forma dispuesta por él mismo para después de su muerte. Esto es todo. La indivisión de la herencia continúa. Pero el hecho de la muerte del causante y de quiénes son sus herederos y legatarios y en qué extensión queda registrado en cuanto a los bienes inscritos.

[2] Examinemos ahora la cuestión de preterición.

Dice el artículo 802 del Código Civil Revisado, en lo pertinente:

"La preterición de alguno o de todos los herederos forzosos en línea recta, sea que vivan al otorgarse el testamento o sea que nazcan después de muerto el testador, anulará la institución de herederos; pero valdrán las mandas y mejoras cuando no sean inoficiosas."

Como puede verse, el precepto legal que antecede hace mención expresa de los herederos nacidos al otorgarse el testamento o después de la muerte del testador y en este caso los hijos naturales reconocidos no instituídos herederos nacieron después de otorgado el testamento y antes de la muerte del testador. Además, aunque se estimara que el artículo se refería a todos los herederos, que es la interpretación más racional, como se reconoció a los preteridos su derecho íntegro a la herencia, es de entera aplicación lo resuelto por la Dirección General de los Registros de España en 20 de mayo de 1898, interpretando el artículo 814 del Código Civil antiguo, igual al 802 del revisado, aplicado a un caso semejante a éste, así:

"Considerando que el motivo alegado por el Registrador para denegar la inscripción de la partición de bienes por muerte de doña Casilda Sánchez Solórzano se funda en que la institución de herederos hecha en el testamento que esta señora otorgó en unión de su marido, es nula, con arreglo al art. 814 del Código Civil, por haber sido preteridos sus dos hijos D. Luis y D. Leopoldo Canosa, que nacieron con posterioridad al otorgamiento de aquél:

"Considerando que, según lo dispuesto en el citado artículo, para que la preterición de alguno o de todos los herederos forzosos en línea recta anule la institución, es preciso que aquéllos vivan al otorgarse el testamento, *o que nazcan después de la muerte del testador:*

"Considerando que habiendo nacido D. Luis y D. Leopoldo Canosa después que su madre otorgara el testamento, y naturalmente, *antes del fallecimiento de ésta,* no se les puede considerar preteridos en el sentido que a esta palabra da la citada disposición del Código, ni en el gramatical:

"Considerando que, aun en la hipótesis de que prevaleciera el sentido que a las palabras del expresado art. 814 atribuye el Regis-

trador, la verdad es que las operaciones divisorias se han practicado partiendo, no de la validez de la institución hereditaria, sino de la nulidad de la misma, toda vez que los supuestos hijos preteridos, lejos de haber sido excluídos de la sucesión han concurrido al otorgamiento de aquellas operaciones, debidamente representados por su defensor, en unión de los herederos expresamente instituídos, reconociéndoseles los mismos derechos que a éstos y respetándose los legados hechos por la testadora, conforme a lo dispuesto en el mismo art. 814.''

El defecto subsanable apuntado tampoco existe. De la copia de la demanda en el caso de filiación consta que se alegó quiénes eran las personas que formaban la sucesión de Ramón Garrastazú.

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*