MARCIAL PÉREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1129.—*Sometido:* Noviembre 2, 1943. *Resuelto:* Enero 13, 1944.

*Miranda y Miranda Esteve,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Interino Señor Travieso emitió la opinión del tribunal.

José Vega Santiago, estando casado con doña Amparo Rivera, compró por escritura pública a doña Antonia B. Santana, un inmueble que se describe como sigue:

"Urbana, solar en el barrio Bairoa de Caguas, de 16 metros de frente por el Sud por 20 metros de fondo, colindante por el Norte con la finca principal de donde se segregó; Sur, la calle letra 'A', al Este con la calle letra 'E' y al Oeste con la finca principal. Sobre este solar existe una casa de concreto de dos plantas con techo de zinc."

Después de inscrita la escritura de compraventa en el Registro de la Propiedad de Caguas, los esposos compradores quedaron divorciados en virtud de sentencia de la Corte de Distrito de Humacao, de 17 de abril de 1942.

Por escritura número 85 de fecha 30 de julio de 1943, otorgada en San Juan ante el notario Licenciado J. Pedro Miranda, don José Vega Santiago y doña Amparo Rivera vendieron a don Marcial Pérez y su esposa doña Isabel Dávila el expresado inmueble, reservándose los compradores la suma de $1,263.50 para cancelar una hipoteca que gravaba dicha finca.

Presentada la escritura para su inscripción en el Registro de la Propiedad de Caguas, fué denegada la inscripción por el Registrador por nota de 24 de agosto de 1943, que lee como sigue:

"Denegada la inscripción del precedente documento por aparecer del Registro que la finca vendida forma parte de los bienes pertenecientes a la sociedad legal de gananciales constituída por José Vega

Santiago y Amparo Rivera Jiménez; que dicha sociedad conyungal quedó disuelta por sentencia de divorcio dictada por la Corte de Distrito de Humacao en 17 de abril de 1942; que tal disolución conlleva la liquidación, división y adjudicación de los bienes gananciales existentes a favor individualmente de cada uno de los cónyuges; y que no habiéndose cumplido ninguno de esos requisitos, dichos José Vega Santiago y Amparo Rivera Jiménez después de disuelta la sociedad conyugal, no pueden disponer de los bienes de la misma sin una previa inscripción de los bienes que se le adjudiquen en pago de su respectiva mitad que adquieren de acuerdo con la ley y sí sólo individualmente de los que les correspondan como resultado de dicha adjudicación, todo de conformidad con los preceptos del Artículo 20 de la Ley Hipotecaria, tomando en su lugar anotación preventiva por 120 días a favor de los compradores, al folio 217 del tomo 166 de Caguas, finca 5174, Anotación 'A'.''

Contra esta nota es que se establece el presente recurso.

██ La única cuestión a resolver es si es necesario hacer la liquidación de la sociedad de gananciales, adjudicar a cada uno de los cónyuges divorciados la porción que le corrresponda e inscribir dichas porciones a nombre de dichos cónyuges, como condición previa para poder inscribir la escritura de compraventa objeto del presente recurso.

La Ley Hipotecaria en su artículo 20 dispone que deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen, para poder inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales.

La finca en cuestión fué adquirida a título oneroso durante su matrimonio por José Vega Santiago y Amparo Rivera y por tal motivo, de acuerdo con lo prescrito por los artículos 1301 y 1307 del Código Civil (Edición 1930) se presume que es un bien perteneciente a la sociedad legal de gananciales.

La sociedad de gananciales ''es una persona jurídica distinta de la de cada uno de sus socios. Disuelta por muerte de uno de ellos, debe liquidarse y la adjudicación que se

haga al cónyuge o socio sobreviviente causa también en el registro una nueva inscripción.'' *Bird* v. *Registrador* (1935) 48 D.P.R. 696, 705. Lo mismo podríamos decir en los casos de divorcio. En éstos también queda disuelta la sociedad, disolución que causa una nueva inscripción en el registro, pues lo importante es el hecho de la disolución, no importa por qué motivos.

Este Tribunal ha dicho en varias de sus decisiones que al disolverse el vínculo matrimonial cada uno de los cónyuges adquiere inmediatamente el derecho a una mitad indivisa de todos los bienes gananciales existentes. Aplicando esa doctrina en *Fabián* v. *El Registrador de San Juan*, 25 D.P.R. 899, se ordenó al Registrador que inscribiese un contrato mediante el cual cada uno de los ex cónyuges renunciaba a favor del otro todos sus derechos y acciones en la sociedad de gananciales y convenían en que toda propiedad inscrita en el registro a nombre de cualquiera de ellos se considerara como de la exclusiva propiedad de la parte en cuyo nombre estuviere inscrita. En *Becerra* v. *El Registrador de Guayama*, 27 D.P.R. 843, habiéndose negado el Registrador a inscribir una hipoteca constituída por Becerra, cónyuge superviviente, ''como dueño de una mitad *proindivisa* de ciertas fincas rústicas adquiridas durante su matrimonio,'' se ordenó al Registrador que practicara la inscripción por el fundamento de que ''la finca en cuestión ya había sido inscrita a nombre de Becerra como bienes de la sociedad de gananciales.'' En *Allende* v. *Registrador de San Juan, Sec. Primera*, 28 D.P.R. 569, siguiendo la decisión en el caso de *Becerra* v. *El Registrador de Guayama,* supra, se resolvió que inscrita una finca como bien ganancial y más tarde a favor del viudo y de los hijos del matrimonio a virtud de la muerte de la esposa, es inscribible la hipoteca otorgada por el viudo sobre su mitad de gananciales, pero verificándose la inscripción sujeta a las resultas de la liquida

ción de la sociedad de gananciales. En la opinión emitida en dicho caso se dijo:

"Ahora bien, con posterioridad a los casos de *Ríos, Paulo* y *Rossy* invocados, esta Corte Suprema decidió los casos de *Capó* v. *Fernández*, 27 D.P.R. 715, y *Santini et al.* v. *Díaz San Miguel et al.*, 27 D.P.R. 816, en los que, si bien reconoció a la partición de la herencia y a la liquidación de la sociedad de gananciales su función verdadera, reconoció también efectividad inmediata al derecho hereditario y a la disolución de la sociedad, adoptando así un temperamento liberal que a la vez que garantiza todos los derechos envueltos permite reclamaciones y transacciones difíciles o imposibles de otro modo. Ese temperamento nos lleva necesariamente a modificar también nuestra jurisprudencia sobre la materia en relación con los registros de la propiedad." *Allende* v. *Reg. de San Juan, Sec. Primera*, supra, pág. 571.

En *Muñoz* v. *Registrador de Caguas*, 30 D.P.R. 70, siguiendo el mismo razonamiento que en los casos de *Becerra* y de *Allende*, supra, se ordenó la inscripción de una hipoteca otorgada por una viuda sobre su mitad indivisa en un bien ganancial porque "la finca en cuestión ya había sido inscrita a nombre de doña Rosario Carrión presuntivamente como un bien ganancial por haberla adquirido a título oneroso durante el matrimonio." No obstante haber ordenado la inscripción de la hipoteca, el Tribunal se expresó así:

"Insistimos en decir que la mejor práctica en estos casos es liquidar debida y claramente la sociedad de gananciales y hacer la inscripción consiguiente en el registro. De este modo se fijan en forma más concreta y definitiva los derechos de los interesados, y se evitan dudas y complicaciones en el futuro." *Muñoz* v. *Registrador de Caguas*, supra, pág. 72.

En *Maldonado* v. *Registrador*, 45 D.P.R. 841, tampoco se siguió "la mejor práctica" recomendada por el Tribunal en el caso de *Muñoz*, supra, y se ordenó la inscripción del traspaso hecho por una esposa divorciada de su condominio y derechos indivisos en cierta parcela de terreno que había pertenecido a la sociedad de gananciales.

En sus Comentarios al artículo 1428 del Código Civil Español, sostiene Manresa que el criterio legal es que al terminarse por cualquier causa la sociedad de gananciales, las facultades que dentro de ella tenía el marido, cesan; y desde ese momento, los bienes que fueron adquiridos en concepto de gananciales no pertenecen ni al marido ni a la mujer, sino a la sociedad disuelta representada por todos los interesados en dichos bienes. Y añade que no cabe afirmar que en esos bienes corresponde una mitad a la mujer y otra al marido, pues lo que a cada cónyuge corresponde es una mitad en las ganancias, y éstas no pueden ser conocidas hasta tanto que no se liquide la sociedad. Esa, que sin duda alguna es "la mejor práctica," ha sido aplicada por el Tribunal Supremo de España en la jurisprudencia citada por Manresa en sus Comentarios, volumen 9, páginas 734 a 737. Empero, en la misma página 737 del citado volumen el ilustre comentarista dice:

"La ley, pues, no prohibe en absoluto la enajenación de bienes gananciales durante la liquidación de la sociedad; pero para garantía de los derechos de todos los interesados quiere que se cumplan las formalidades prevenidas en el art. 1030, a cuyo comentario nos remitimos.

"Se imponen las formalidades de la subasta, en defecto del consentimiento unánime de todos los interesados. Son interesados los cónyuges o el que de ellos sobreviva, y los herederos del otro, y los acreedores de la sociedad, si los hay, en cuanto no tengan cumplidamente asegurado su derecho con hipoteca. Como no siempre existen tales acreedores, cuando no los hay basta la conformidad de los interesados conocidos, que lo son siempre el cónyuge viudo y los herederos del premuerto, justificando su carácter. Es más: en la práctica se admiten a inscripción los actos de enajenación o gravamen de bienes gananciales en estas condiciones, sin investigar si existen o no acreedores, ya por no poder exigirse la prueba de esa condición negativa de no existencia, ya por estimar que en todo caso quedan a salvo los derechos de los acreedores contra la sociedad."

Como se ve, en España también han reconocido la necesidad de dar efectividad inmediata a la disolución de la so-

ciedad de gananciales, permitiendo, como se ha permitido en nuestra Isla, la inscripción de las enajenaciones o gravámenes de bienes gananciales, sin exigir la previa liquidación de la sociedad, siempre que en la inscripción que se practique se haga constar con toda claridad que la sociedad de gananciales que existía entre los cónyuges a cuyo nombre aparece inscrito el inmueble no ha sido aún liquidada y que por consiguiente la adquisición del inmueble o del gravamen o derecho real sobre el mismo queda sujeta a las resultas de la liquidación que pueda más tarde practicarse. No creemos que pueda presentarse una seria objeción en contra del temperamento liberal adoptado por esta Corte Suprema, a partir de su decisión en *Allende* v. *Reg. de San Juan, Sec. Primera,* supra. En realidad, la situación legal del acreedor mejora con la aplicación de esta regla. El acreedor cuyo crédito no está garantizado por gravamen sobre los bienes gananciales, no tiene protección alguna contra un traspaso *bona fide* que de sus bienes puedan hacer los cónyuges durante la existencia de la sociedad de gananciales. Al permitir a los cónyuges ya divorciados o al cónyuge sobreviviente que traspasen o graven los bienes gananciales, sin exigir la previa liquidación de la sociedad, pero con la condición de que el traspaso o gravamen se inscribirá con las reservas que ya hemos indicado, se está dando al acreedor una garantía que antes no tenía, pues ese acreedor podrá dirigirse contra esos bienes así inscritos y no tendrá que probar que el traspaso fué hecho sin que mediara justo precio o causa suficiente.

*Por las razones expuestas se revoca la nota recurrida y se ordena al Registrador recurrido que practique la inscripción solicitada, haciendo constar en ella que no habiéndose presentado constancia alguna de que la sociedad de gananciales que existió entre los esposos vendedores haya sido liquidada, la inscripción a favor de los esposos adquirentes se*

*hace sujeta a las resultas de la liquidación de dicha disuelta sociedad de gananciales.*

El Juez Asociado Señor Snyder no intervino.