Francisco Olivencia Velázquez, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 1154.—*Sometido:* Noviembre 6, 1944. *Resuelto:* Diciembre 4, 1944.

214

*E. López Acosta,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Francisco Olivencia Velázquez solicitó del registrador que cancelara una condición en la inscripción de cierta finca, hecha el 12 de diciembre de 1924, al efecto de que la misma estaba "sujeta a la liquidación de la sociedad de gananciales que tenían constituída la causante Rosa Velázquez Arroyo y su esposo Francisco Olivencia Pabón". El registrador denegó dicha solicitud por el fundamento de que no se había presentado constancia alguna acreditativa de haberse liquidado dicha sociedad de gananciales y que dicha condición no puede cancelarse de conformidad bien con la Ley núm. 19 de julio 9, 1936 ((2) pág. 149) o de conformidad con el artículo 79 de la Ley Hipotecaria, según fué enmendado por la Ley núm. 18 de julio 9, 1936 (tercera sesión extraordinaria). Contra dicha decisión del registrador el peticionario ha radicado este recurso gubernativo.

La finca aquí envuelta fué adquirida por Francisco Olivencia Pabón mientras estuvo casado con Rosa Velázquez Arroyo. Ésta falleció intestada en 1918. Mediante resolución de la corte de distrito sus hijos legítimos, y un nieto, fueron declarados sus únicos y universales herederos. Dicha resolución reconocía el derecho usufructuario del marido como cónyuge supérstite. Éste inscribió a su nombre los derechos en la porción indivisa de la propiedad perteneciente a su difunta esposa que pudiera pertenecerle como usufructuario y como miembro de la sociedad de gananciales. Esta anotación se hizo, como antes se ha dicho, el 12 de diciembre de 1924, sujeta a la liquidación de la sociedad de gananciales.

Posteriormente, los herederos de Rosa Velázquez Arroyo inscribieron sus respectivos derechos como tales. Y después de la muerte del padre inscribieron sus derechos como herederos de éste, presumiblemente de la naturaleza de intereses indivisos. Luego se hizo una partición entre ellos, siendo traspasada a los aquí peticionarios la finca aquí envuelta en satisfacción de sus derechos hereditarios.

Los peticionarios descansan en las Leyes números 18 y 19, Leyes de Puerto Rico, 1936, tercera sesión extraordinaria. La Ley núm. 18 enmienda el artículo 79 de la Ley Hipotecaria para que lea que "Podrá pedirse y deberá ordenarse en su caso, la cancelación total . . . 2. Cuando se extinga también por completo el derecho inscrito . . ." Los recurrentes alegan que, a virtud de la referida partición, todos los derechos que pudieran surgir en cuanto a la sociedad de gananciales quedaron extinguidos y que por tanto el derecho inscrito está completamente extinguido.

El Registrador está correcto al resolver que la Ley núm. 18 no es aplicable a este caso. La partición no tuvo el efecto de extinguir esta condición como un derecho inscrito; la condición es sólo un aviso de que puede surgir un derecho cuando se haga la liquidación y que la finca está sujeta al mismo.

La Ley núm. 19 de igual modo no se aplica a los hechos de este caso.(¹) Dicha ley dispone la cancelación de las menciones de derechos reales o de obligaciones para el pago de dinero o de precios aplazados de la compraventa de inmuebles, siempre y cuando que hayan transcurrido desde que se hizo la mención diez y cinco años, respectivamente. La condición en este caso no cae dentro de ninguna de estas categorías. Lo que la condición indica es que la finca está sujeta a las contingencias que pueden surgir como consecuencia de la liquidación de la sociedad de gananciales.

■■ Hemos resuelto recientemente que a la terminación de la sociedad de gananciales, cualquiera de los esposos puede inscribir su interés indiviso, o puede aún vender este interés indiviso el cual es inscribible, todo esto a ser inscrito sujeto a la liquidación de la sociedad de gananciales. *Pérez* v. *Registrador*, 62 D.P.R. 789; *Méndez* v. *Registrador*, 63 D.P.R. 221. Como indicamos en el caso de *Pérez*, aunque la mejor práctica es liquidar la sociedad de gananciales, la inscripción del interés indiviso sujeto a la liquidación es suficiente protección en cuanto a tercero. De la misma manera, esta protección no puede eliminarse en ausencia de

(¹)Dicha ley dice, en su parte pertinente, como sigue:

"Los registradores de la propiedad, a instancia de parte, autenticada ante notario procederán a cancelar en el respectivo registro:

" (a) *Cualesquiera menciones de derechos reales* que consten en los libros antiguos o modernos del registro, si hubiesen transcurrido más de diez (10) años desde que se verificó la respectiva mención, cuando la parte interesada dentro del plazo de seis (6) meses, a contar desde la fecha en que empiece a regir esta Ley, no hubiese solicitado la inscripción del derecho mencionado, o no hubiese promovido acción judicial en reclamación de su derecho anotando la demanda en el registro.

"*Cualesquiera menciones de obligaciones para el pago de dinero y de precio aplazado de la compraventa de inmuebles,* háyase o no fijado plazo para el cumplimiento de la obligación mencionada, que consten en los libros antiguos o modernos del registro, si hubiesen transcurrido más de cinco (5) años, desde que se verificó la respectiva mención, cuando la parte interesada, dentro del plazo de seis (6) meses, a contar desde la fecha en que empiece a regir esta Ley, no hubiese promovido acción judicial en reclamación de su derecho anotando la demanda en el registro." (Bastardillas nuestras).

prueba de que se ha liquidado. Y en cuanto a la contención de que cualesquiera posibles reclamaciones contra los bienes gananciales estarían ya prescritas, ésta es una cuestión a decidirse por las cortes y no por el registrador.

*La nota del registrador será confirmada.*