AUTORIDAD DE TIERRAS DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Núm. 1160.—*Sometido:* Enero 29, 1945. *Resuelto:* Mayo 21, 1945.

*Francisco A. Arrillaga* y *Antonio Riera,* abogados de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Pedro José Torres Colón falleció *ab intestato* y la Corte de Distrito de Guayama por resolución de 26 de mayo de 1942 declaró como sus únicos y universales herederos a sus hijos legítimos y a su viuda en la cuota usufructuaria. Dos años después, por escritura de 4 de noviembre de 1944 ante el notario Antonio Riera, la viuda renunció a su derecho de usufructo, y en el mismo documento ella y todos sus hijos vendieron a la Autoridad de Tierras de Puerto Rico la finca de que consistía la herencia. Presentada al registro la declaratoria de herederos y la escritura de compraventa con los documentos complementarios correspondientes, el registrador inscribió la finca, primero a nombre de los herederos "sujeta a las resultas de la liquidación de la herencia del causante," y después, a virtud de la escritura de compraventa, a nombre de la Autoridad de Tierras, consignándose también la misma condición. La Autoridad interpuso enton-

ces este recurso, solicitando que la nota del registrador sea revocada, eliminándose la referida condición.

■■ El artículo 23 de la Ley Hipotecaria, en lo pertinente, prescribe:

"En la adjudicación de bienes inmuebles determinados en una herencia . . . a un partícipe, a un acreedor o a un extraño con la obligación de emplear su importe en el pago de deudas o cargas de la misma herencia . . . , se hará constar la condición con la cual los bienes se adjudican al inscribirlos a nombre del adjudicatario, y surtirá los efectos que esta ley establece en el número 1º. del artículo 37.(¹)

" . . . Cuando no se adjudiquen bienes determinados para pago de deudas, los bienes todos de la herencia . . . *quedarán libres de toda responsabilidad en perjuicio de tercero, aún cuando en el Registro conste la existencia de las deudas.*" (Bastardillas nuestras.)

Cuando se adjudican bienes para pago de deudas, esa condición constituye un gravamen sobre los bienes inmuebles adjudicados con ese objeto, y naturalmente los acreedores pueden dirigirse contra quienes pudieran adquirirlos en el futuro, como si aún los bienes estuvieran en poder del heredero. Pero en el presente caso no hubo tal adjudicación para pago de deudas, y por consiguiente, de conformidad con el artículo 23 transcrito, la finca fué adquirida libre de gravamen por todos los herederos, y, no estando gravada, las deudas de la herencia, si alguna hubiere, no pueden hacerse efectivas sobre la finca cuando ésta pasa a poder de un tercero, como lo es en este caso la Autoridad de Tierras, a menos que, careciendo los herederos de otros bienes sobre los cuales pudieran hacer efectivo sus créditos los acreedo-

---

(¹)El artículo 37 prescribe en parte:

"Se exceptúan de la regla contenida en el artículo anterior:

"1º. Las acciones rescisorias y resolutorias que deban su origen a causas que consten explícitamente en el Registro."

El 36 dice:

"Las acciones rescisorias y resolutorias no se darán contra tercero que haya inscrito los títulos de sus respectivos derechos, conforme a lo prevenido en esta Ley."

res, probaren éstos que la venta fué hecha en fraude de acreedores.(²)

En cambio, el inmueble responde de las deudas hereditarias mientras pertenezca a algunos de los herederos, no porque esté gravado, sino porque al aceptar los herederos la herencia sin beneficio de inventario, sucedieron al difunto en todos sus derechos y obligaciones, Código Civil (ed. 1930), artículo 610, y como todo deudor, responden del cumplimiento de sus obligaciones con todos sus bienes, presentes y futuros. Artículo 1811.

No teniendo ningún derecho real los acreedores de la herencia, y siendo el propósito del registro la protección del dominio, la posesión y los derechos reales, no los personales, al inscribir la finca en común pro indiviso a favor de los herederos forzosos, el registrador no debe practicar la inscripción sujeta a la liquidación de la herencia del causante. *Sucesión Dávila* v. *El Registrador de la Propiedad,* 15 D.P. R. 669 (1909); *Gurrastazú, Sucn.* v. *Registrador,* 36 D.P.R. 177 (1927); Manuel Martínez Escobar, Las Inscripciones (primera edición), tomo 1, págs. 149 y siguientes.

Es verdad que, no habiéndose adjudicado la finca o una parte de ella para el pago de las deudas de la herencia, el mero hecho de consignar el registrador la referida condición no convierte en obligación real sobre el inmueble la obligación personal que tienen los herederos de pagar las obligaciones de su causante; pero es innegable que aunque en nada se benefician con ello los acreedores, sin embargo, innecesaria e ilegalmente se perjudica al heredero y posteriores adquirentes de la finca, ya que, constando esa condición en el registro, personas no versadas en la Ley Hipotecaria

---

(²)El artículo 1064 del Código Civil prescribe:

‘‘Los acreedores después de haber perseguido los bienes de que esté en posesión el deudor para realizar cuanto se les debe, pueden ejercitar todos los derechos y acciones de éste con el mismo fin, exceptuando los que sean inherentes a su persona; pueden también impugnar los actos que el deudor haya realizado en fraude de su derecho.’’

no se arriesgarían a contratar en relación con la finca, perjudicándose a la vez el crédito territorial.

El caso de *Ríos* v. *El Registrador,* 19 D.P.R. 742, 746 (1913), no es aplicable al presente caso, porque allí estaba envuelta la liquidación de una sociedad de gananciales, y aunque se dijo, "Por supuesto que tales inscripciones [la de los derechos correspondientes a la sociedad de gananciales y la del derecho hereditario] estarán sujetas al resultado de la liquidación de la herencia y de la sociedad de gananciales," sin embargo, al principio de ese párrafo se dice: "Opinamos que así como no es necesaria la liquidación de la herencia para que pueda inscribirse el derecho hereditario a favor de los herederos de una persona, . . . " lo que demuestra que el decirse que la inscripción del derecho hereditario está sujeta a la liquidación de la herencia fué un mero *lapsus* y que el tribunal quiso referirse exclusivamente a la liquidación de la sociedad de gananciales. En el presente caso no se levanta cuestión alguna sobre liquidación de sociedad de gananciales, y sólo se trata de la inscripción de una herencia en común pro indiviso.

El caso de *Allende* v. *Reg. de San Juan, Sec. Primera,* 28 D.P.R. 569 (1920), se distingue del presente en que allí el cónyuge viudo, como dueño de la mitad pro indivisa de una finca, constituyó hipoteca sobre dicha mitad, que era ganancial, y como la sociedad de gananciales no se había liquidado, se resolvió que el registrador debió inscribir la hipoteca consignando que la inscripción se verificaba sujeta a la liquidación de la sociedad de gananciales.

*Procede por lo expuesto revocar la nota recurrida y ordenar que se cancele la condición consignada por el registrador.*