Carmelo Polanco, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 1255.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Diciembre 23, 1949.

*Rafael A. Saliva,* abogado del recurrente; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

María Ignacia González Vila, casada con el aquí recurrente Carmelo Polanco, falleció intestada el 17 de mayo de 1944. La Corte de Distrito de Mayagüez declaró a siete hijos habidos en el matrimonio como sus únicos y universales herederos y al viudo en la cuota usufructuaria legal. Entre otros bienes la sociedad de ganaciales en este caso era dueña y tenía inscrita en el Registro de la Propiedad una finca de 28.62 cuerdas situada en Mayagüez y la misma fué inscrita el 19 de julio de 1948 a favor de los hijos y del viudo, por herencia intestada en cuanto a los primeros y por ganaciales y usufructo en cuanto al último, con la condición de estar sujeta dicha inscripción a la liquidación de la sociedad de ganaciales que existió entre Carmelo Polanco y María Ignacia González Vila. Posteriormente uno de los hijos vendió su participación en la finca a su padre y luego éste y los demás hijos vendieron 14.67 cuerdas a Juan Mari y éste las vendió a César Manuel Jiménez, haciéndose constar en las inscripciones respectivas la misma condición, o sea estar sujetas a la liquidación de la mencionada sociedad de gananciales.

El 12 de enero de 1949 Carmelo Polanco otorgó ante el notario Rafael A. Saliva una escritura pública que se tituló "Liquidación de Sociedad de Gananciales" en la cual el otorgante hizo constar en el hecho cuarto lo siguiente:

"*Cuarto*: Declara el Señor Polanco que la mayor parte de sus hijos se encuentra ausente de Puerto Rico y como la herencia de su difunta esposa ha sido liquidada pues los bienes existentes han sido vendidos y los herederos han recibido su participación y toda vez que en el Registro de la Propiedad de Mayagüez se le ha puesto a la finca rústica la condición de que la misma se encuentra afecta o sujeta a la liquidación de la sociedad de gananciales ya relacionada y deseando el Señor Polanco cancelar dicha condición en el Registro de la Propiedad levanta la presente acta para hacer constar que la única carga contra los bienes ha sido totalmente pagada según consta

del mismo Registro y a la vez consta del mismo Registro que todos los herederos vendieron sus derechos y apercibieron (sic) su participación en dichos bienes.''

El registrador denegó la cancelación solicitada por observar ''... que en esta escritura sólo comparece el viudo Carmelo Polanco, sin que en forma alguna se haya acreditado el consentimiento que deben prestar los herederos de María Ignacia González Vila, como parte indispensable que lo son, a los efectos de practicar la liquidación de la sociedad de gananciales que existió entre el señor Polanco y su finada esposa, tomándose en su lugar la correspondiente anotación preventiva por el término legal...''

Sostiene el recurrente que debe revocarse la nota ya que él acreditó ante el registrador recurrido que se había liquidado la sociedad de gananciales, (1) por lo que hizo constar en la escritura y (2) por haber presentado al registrador el recibo expedido por el Tesorero de Puerto Rico de haberse pagado la contribución de herencia sobre los bienes dejados por su esposa, lo que equivale a una liquidación de la sociedad de gananciales.

■■ No tiene razón el recurrente. La escritura otorgada por él, aun cuando el notario la titulase ''Liquidación de Sociedad de Gananciales'', no puede considerarse como tal liquidación, ya que los hijos del recurrente y de su esposa fallecida no comparecieron en dicha escritura. Las aseveraciones del otorgante, por muy ciertas que sean, no pueden por sí solas constituir una liquidación de los bienes pertenecientes a la sociedad de gananciales y no debemos olvidar que además de la finca objeto de este recurso había otros bienes gananciales. La mera aseveración del recurrente en cuanto a que se han pagado todas las deudas de la sociedad de ganaciales tampoco es suficiente. La condición que el registrador ha hecho constar en todas las inscripciones sujetas ''a la liquidación es suficiente protección en cuanto a tercero. De la misma manera, esta protección no puede eliminarse en ausencia de prueba de que se ha liquidado.'' *Olivencia* v.

*Registrador,* 64 D.P.R. 213, 216. Al mismo efecto véase *Pérez* v. *Registrador,* 62 D.P.R. 789 y casos en él citados.

En cuanto al recibo de haberse satisfecho al erario público la contribución de herencia sobre los bienes de María Ignacia González, éste sólo acredita dicho hecho pero no puede en manera alguna considerarse, como pretende el recurrente, como prueba de que la sociedad de gananciales fué liquidada.

Arguye, por último, el recurrente que obligarlo a otorgar otra escritura conjuntamente con sus hijos le haría incurrir en gastos adicionales e innecesarios ya que algunos de sus hijos están ausentes. Es esta una cuestión que no puede ser tomada en consideración por el registrador al calificar los documentos que se le presentan para su inscripción, según resolvimos en *González* v. *Registrador,* ante, pág. 511.

*Debe confirmarse la nota recurrida.*